IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. WOODWARD,

                **Plaintiff,**

v.                                                           CASE NO. 25-3110-JWL

JEFF ZMUDA, ET AL.,

                **Defendants.**

## ORDER

This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner David L. Woodward, who is housed at Lansing Correctional Facility (LCF) in Lansing, Kansas. It has come to the Court's attention that the Clerk of this Court has been receiving emails sent from Corey W. Woodward—or "C. W. Woodward, Esq."—that are written in the first person and have Plaintiff's name typed as the signature. One of the emails asserts that Corey W. Woodward "has my Durable Power of Attorney and is my attorney in fact pursuant to Kansas Statutes." In addition to seeking information that is publicly available and appropriate for inquiry to the Clerk, the emails seek to provide information as evidence supporting the underlying civil rights claims and they request that the Court take specific action in this matter by issuing orders or injunctions. The emails also ask that they be made part of Plaintiff's "case file."

Plaintiff is hereby informed that if he wishes to seek action by this Court such as an injunction or other order, he must do so in a motion that is electronically filed per the instructions available at Lansing Correctional Facility, which is a KDOC facility with mandatory electronic filing. If Corey W. Woodward is an attorney eligible to practice law in the United States District

1

Court for the District of Kansas[1] and he intends to represent Plaintiff in this matter, he must enter his appearance in this case in compliance with Local Rule 5.1, as Plaintiff does not currently have counsel of record. Corey W. Woodward is not a named party in this case and is not counsel of record. As such, he has no independent ability to submit evidence or request that the Court enter orders or injunctive relief in this matter. Any such substantive requests must be electronically filed by Plaintiff, who proceeds in this matter pro se.

**IT IS THEREFORE ORDERED** that the emails sent to the Clerk of this Court by Corey W. Woodward will not be filed in this case and any requests for relief therein will not be considered. No further action will be taken with respect to the emails. The Clerk is directed to send a copy of this order to the email address from which the emails referenced herein were sent.

**IT IS SO ORDERED.**

DATED:  This 16th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge

---

[1] A designation in Plaintiff's power of attorney of Corey W. Woodward as Plaintiff's attorney in fact does not entitle him to act as Plaintiff's attorney at law and represent him in this civil rights action. *See Sanders v. Funk*, 2007 WL 1158351, *3 (D. Colo. April 6, 2007) (collecting state and federal authority that supports the statement that "the authorization to act under a power of attorney is not an authorization to practice law."); *In re Guardianship of Hacker*, 2000 WL 36745991, *1 (Kan. Ct. App. Sept. 1, 2000) (unpublished) ("Although Mabel had executed a power of attorney some time before the proceedings that designated the Hackers as her attorneys in fact, the Hackers did not and could not act as her attorneys at law and did not represent her in the proceedings.").