# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DAVID L. WOODWARD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 25-03110-JWL** |
| **JEFF ZMUDA, et al.** | ) | |
| **Defendants.** | ) | |
| | ) | |

## REPORT IN "*MARTINEZ v. AARON*" INVESTIGATION

## CIVIL RIGHTS COMPLAINT

COMES NOW, Victoria L. Waters, on behalf of the Kansas Department of Corrections (KDOC) and in accordance with the Court's July 18, 2025, Memorandum and Order and submits the following *Martinez* report to assist the Court in further screening the merits of David L. Woodward's (Plaintiff) claims. This report is based upon resident records, affidavit testimony and official internal facility documentation available at the time of preparation. KDOC requests to reserve the right to seek leave to supplement this report in the event additional evidence is discovered or becomes available.

On June 5, 2025, Plaintiff filed a *pro se* civil rights action pursuant to 42 USC §1983 in the United States District Court for the District of Kansas. (Doc. 1). This was followed by a Notice of Deficiency and Order from the Court that requests for relief via email will not be considered. (Docs. 2 -3). On June 18, 2025, Plaintiff filed his first Motion to Amend his Complaint as well as a motion for Court Orders. (Doc. 4-5). Shortly thereafter, Plaintiff filed his second motion to Amend/Correct his Complaint on June 24, 2025. (Doc. 6). On July 7, 2025, the Court entered a Memorandum and Order denying the prior motion to amend the complaint and

motion confirming memorandum filing be denied granting Plaintiff until August 11, 2025, to file a complete and proper amended complaint. (Doc. 7, referring to Docs. 4-6). Following the Court's first Memorandum and Order, Plaintiff filed his second Amended Complaint along with a Memorandum in Support on July 17, 2025. (Docs. 8-9). This resulted in the Court's July 18, 2025, Memorandum and Order directing the Court Clerk to enter KDOC as an interested party for the limited purpose of preparing the *Martinez* Report, also stating that KDOC may move for termination upon filing of the report. (Doc. 10).

At all relevant times plaintiff, David L. Woodward, inmate number 0055044, was an inmate incarcerated in custody of the Secretary of Corrections of the State of Kansas and housed at the Lansing Correctional Facility in Lansing, Kansas. (Exhibit 1 – KASPER Sheet - Redacted). July 18, 2025, the Court issued an order directing the preparation of a *Martinez* Report by KDOC regarding the first amendment complaints by Plaintiff against the following identified defendants: Secretary of Corrections Jeff Zmuda, former Lansing Correctional Facility Warden Jesse Howes, LCF Administrative Assistant Jennifer Crouse, ISA/EAI agent Leslie West, and CM II Darcie Holthaus. (Docs. 8-9). Other KDOC staff were named, however those staff were terminated from this action on or about July 17, 2025, according to the case docket report. Those staff being: Unit Team Manager Keon, Lieutenant Jewel, Deputy Warden Ball, Deputy Warden Reece, Deputy Warden Skidmore, CM II Compact Administrator (believed to be Wildermuth), Officer Snodgrass, Unit Team Supervisor Speer, and Unit Team Member Cleaver.

### SUMMARY OF ALLEGATIONS IN PLAINTIFF'S PETITION

Plaintiff claims he was subject to violations of his first and fourteenth amendment rights while housed at LCF. (Doc. 8-9). In his amended complaint and memorandum in support,

Plaintiff lists the following individuals as defendants: Jeff Zmuda, Secretary of the Kansas Department of Corrections (KDOC), Jesse Howes as former Lansing Correctional Facility Warden, LCF Deputy Warden Ryan Reece, LCF Deputy Warden Nick Ball, former LCF Deputy Warden Skidmore, CM II Lindsey Wildermuth, mailroom staff Jennifer Crouse, Darcie Holthaus as Designee of the Secretary of Corrections, EAI agent Leslie West. (Docs. 8-9).

He specifically details in his Amended Complaint and Memorandum in Support, three relevant issues for which his amended complaint is centered around. (Doc. 8, p. 7-8). These issues generally being: 1) violation of First Amendment rights to access information and exercise his right to freedom of worship through deprivation of publications and magazines; 2) violation of First and Fourteenth Amendment rights to exercise his right to correspond with outsiders by mail; and 3) violation of First Amendment rights due to censorship of free speech, "that of the written word being sent out…". (Doc. 8, p. 4 and Doc. 9, p. 2).

Throughout the eight page Amended Complaint it appears Plaintiff's greatest issue is with the recent censorship of publications he alleges he has been receiving since nearly the start of his incarceration in 1991. (Id.). He also states that the censorship of any of his outgoing mail constitutes censorship of his written word and should be protected. Plaintiff further insinuates that he should not be managed as a sex offender. (Id.). In his sixty (60) page Memorandum in Support, it becomes unclear whether Plaintiff is alleging the outgoing mail was written by him with the intention of having it mailed to his son, or whether he is denying that he ever possessed the letters, seemingly contesting the disciplinary report itself. (Doc. 9). Plaintiff also argues the photographic collage collected by EAI agent Leslie West, is a censorship that occurred suddenly and without justification after thirty-four years of being incarcerated. (Id.)

**Requested Relief**

The Plaintiff seeks resuming delivery of all publications, magazines, and religious materials. (Doc. 8, p. 8)

Plaintiff requests injunctive relief against LCF staff from preventing outgoing mail from being censored unnecessarily. (Id.)

Plaintiff also asks this Court to enter an order allowing Plaintiff to "exercise [his] [First] Amendment rights to freedom of speech and expression without sanctions or punishment." (Id.)

Lastly, Plaintiff asks the Court to grant the relief requested and any other relief the Court deems justified, while additionally requesting the Court award Court costs and fees to Plaintiff. (Doc. 9, p. 23).

<u>**UNCONTROVERTED STATEMENT OF FACTS**</u>

**I.        PLAINTIFF HOUSING INFORMATION**

Plaintiff, David L. Woodward, is legally incarcerated in custody of the Secretary of Corrections, State of Kansas, serving sentences for Murder in the 1st Degree, Sexual Exploitation of a Child, Indecent Liberties with a Child, Rape, and Kidnapping in Sedgwick County case 91CR792. (See Redacted Exhibit 1, p. 1-3). Plaintiff has an earliest release date of September 1, 2031, if parole is granted. Id. Plaintiff has a current custody level of LMD Low-Medium and is presently housed at the Lansing Correctional Facility (LCF) where he has been since, on or about February 8, 2017, absent the occasional release for court appearances. Id. Plaintiff is presently managed as a sex offender with no overrides afforded to him according to KDOC records. (See Sealed Exhibit 2 – Classifications sheet of David L. Woodward, #0055044). There did not

appear to be any requests for overrides by the Plaintiff according to KDOC classification records. Prior to being housed at LCF,  Plaintiff has been housed at the El Dorado Correctional Facility (EDCF), Hutchinson Correctional Facility (HCF), Larned Correctional Mental Health Facility (LCMHF), and Topeka Correctional Facility (TCF-RDU) when it had men's reception and diagnostic unit for initial placement in the correctional system at different times while under the custody of KDOC. Id.

## II.     STATEMENTS OF PARTIES REGARDING EVENTS COMPLAINED OF IN PLAINTIFF'S COMPLAINT.

A letter was sent to Plaintiff to determine if there were any additional statements he would like to provide for the *Martinez* Report on or about July 21, 2025. No additional information or statements were given by Plaintiff for this report.

Leslie West, EAI special agent provided an affidavit, attached hereto as Exhibit 11 – Affidavit of Leslie West. In her affidavit, she states that she became aware that  the property room staff discovered resident David L. Woodward, #0055044, had property that contained evidence of homemade sexually explicit material. (Exhibit 11, para. 9-11). The property in question being a collage of magazine clippings glued together into pornographic images on a hidden compartment on the side of a manilla envelope. (Id., para.  9-11, referring to Sealed Exhibit 4). The photo collage was then collected as evidence of the Plaintiff having made and possessed sexually explicit material. (Id.). Subsequently, Plaintiff was charged with possession of sexually explicit material in disciplinary report #5778 as possession of such violates K.A.R. 44-12-313. (Id.). Plaintiff was found guilty on or about April 10, 2025, for the Class I violation of K.A.R. 44-12-313(e). (Id., referring to Exhibit 15). EAI agent West also states that this is not the first time the Plaintiff has been in trouble for similar conduct. (Id., referring to Exhibits 14-

17).

Shortly after the discovery of the sexually explicit material, the LCF mailroom received two (2) letters in its outgoing mail addressed from resident David L. Woodward, #0055044, to a Corey Woodward in Texas. (Id., p. 12, see also Exhibit 9 – Affidavit of Jennifer Crouse). Both Ms. Crouse and Agent West detail how the mailroom received the letters on or about May 22, 2025, and that both letters contained a short story of a pedophile sex ring and sexual acts on female children as young as the age of 4. (Id, p. 12-13, referring to Provisionally Sealed Exhibit 3 – Outgoing Letters of David L. Woodward #0055044). This too resulted in a disciplinary report and subsequent conviction for the possession of sexually explicit material by a sex offender in violation of K.A.R 44-15-313. (Id., referring to Exhibit 14 – Disciplinary Report #6923 of David L. Woodward, #0055044). Logically, the letters had to be retained as proof of the infraction as well as well as any harm to the public they may cause.

Jennifer Crouse also provided an affidavit regarding her involvement, and it is attached hereto as Exhibit 9. Ms. Crouse states that she is tasked with reviewing each publication that comes in on a case-by-case basis as part of her job as an administrative assistant stationed in the processing of incoming and outgoing mail at LCF. (Exhibit 9). She states that most of the publications that were censored from Plaintiff, contained images of children, which the Plaintiff is not allowed to have given his management status as a sex offender. (Id., para. 9-12). For the publications that were censored due to coming from an unapproved vendor, she explains that the Plaintiff can easily request that religious publications be approved so he may receive them. (Id., para. 12). Ms. Crouse provided the censorship notices and censored materials from the mail to counsel, in conjunction with her affidavit. (Id., referring to provisionally sealed Exhibit 6 – Censorship Notices from LCF Mailroom).

The affidavit of Darcie Holthaus also details much of what Ms. Crouse covers, but from the perspective of the Designee of the Secretary of Corrections regarding censorship appeal decisions and grievances. (See attached hereto as Exhibit 10 – Affidavit of Darcie Holthaus). Ms. Holthaus states that the Plaintiff has had prior materials censored for containing images of children, as far back as 2014 and provided documentation thereof. (Id). She explains the process of censorship appeals and how those appeals must be made within fifteen (15) days after notice of the censor. (Id.). She states that the Plaintiff is managed as a sex offender without any override sand for him, the possession of images of persons under the age of eighteen (18) is a violation of Kansas state regulations. (Id.) The Plaintiff's possession and protentional misuse of such images jeopardizes his rehabilitation and opportunity to be released safely into the community. (Id.).

Furthermore, limiting the entry of published materials to only those distributed by approved vendors, decreases opportunities for contraband to enter the facility and increases safety and security for both residents and staff. (paraphrasing, Id.). There is a reasonable process for vendors to be approved which affords residents the opportunity to receive and access religious publications. Providing a reasonable process for vendors to be approved, especially religious providers, affords residents a means to still have access and receipt of their religious publications. (Id.).

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES/GRIEVANCE DOCUMENTS.

Darcie Holthaus (Ms. Holthaus) is a Corrections Manager II and acts as the designee for the Kansas Secretary of Corrections. In that role she reviews censorship appeals as well as grievances that get appealed to the Secretary of Corrections. (Exhibit 10)

Ms. Holthaus reviewed her files for censorship appeals, grievance appeals,

correspondence and other KDOC documents from Plaintiff's digital KDOC file to September 18, 2025, and then provided such to KDOC legal counsel. (Id., referencing Exhibits 6 and 12). For appeals of censorships, the offender must appeal the mailroom censorship within fifteen (15) days to the Secretary of Corrections according to K.A.R. 44-15-601. Id. For a Plaintiff to exhaust their administrative remedies on a censorship they must complete this process and receive the final disposition of the Secretary of Corrections or his designee. (Id.).

Plaintiff appears to have properly exhausted his administrative remedies in very few of the censorships pertaining to images of children for a resident managed as a sex offender without overrides. The censorships that occurred after his Complaint to the Court have not entirely exhausted or exhausted throughout the course of this case and is thus premature leaving Defendants little to not opportunity to remedy any issues. Plaintiff appears to have failed to properly exhaust his administrative remedies prior to launching his Complaint regarding the censorship of religious materials. Based on both the documentation provided from the LCF mailroom (Exhibit 6) and the censorship appeal decisions from Ms. Holthaus (Exhibit 7), the suspected religious materials having been censored and a decision from the designee for the Secretary of Corrections rendered were in July, August, and September. These decisions occurred long after the Plaintiff filed his Complaint in June of 2025, again leaving no options or time for Defendants to remedy any issues.

As for grievances, Plaintiff's complaints about his recent disciplinary report convictions (DR #6923 and #5778) would require him to exhaust his administrative remedies through the disciplinary report appeals process in accordance with K.A.R. 44-15-101and 44-15-102. (referring to Exhibits 14 and 15). Neither disciplinary conviction appears to have been appealed to the Secretary of Corrections, so the remedies available regarding those have not been fully

exhausted. (Id.).  The censorship of the two letters in the outgoing mail and photo collage both of

those would also require Plaintiff to adequately exhaust his administrative remedies as well.

(referring to Exhibits 3 and 4).  This may be further complicated if Plaintiff does not admit to

ownership/creation of them. There appears to only be grievances regarding anything close to

these subjects from 2014 and 2016. (Exhibits 12).

IV.    ADDITIONAL DOCUMENTS -POLICIES

The following Kansas Administrative Regulations applicable to the above state issues,

are as follows:

Kansas Administrative Regulation 44-15-601, details department of corrections mailroom

conduct and procedures for mail, including censorship. Attached hereto as Exhibit 18.

Kansas Administrative Regulation 44-15-313 further defines sexually explicit materials.

Attached hereto as Exhibit 19.

Kansas Administrative Regulation 44-5-111 provides the basic disposition of contraband.

Attached hereto as Exhibit 20.

Kansas Administrative Regulations 44-15-101 and 44-15-102 govern the time limitation

and procedure for appealing a disciplinary report conviction. Attached hereto as Exhibits 21 and

22 respectively.

The Kansas Department of Corrections has department wide policies applicable to the

above stated issues, including:

Internal Management Policy and Procedure 11-101A, which provides directives on

resident privileges and incentives. (Exhibit 23).

Internal Management Policy and Procedure 12-134A outlines the uniform review of publications. (Exhibit 24). Included for convenience as Exhibits 19 and 18, this IMPP mentions the following: K.A.R. 44-12-313 and K.A.R. 44-12-601.

Internal Management Policy and Procedure 12-139D details the facility mailroom procedures. (Exhibit 25).

### V.    MISCELLANEOUS RECORDS

The Kansas Adult Supervised Population Electronic Repository (KASPER) inmate summary data sheet information of David L. Woodward, KDOC #0055044. (Exhibit 1 – provisionally redacted).

Similarly, the classification information of resident David L. Woodward, #0055044, as further documented proof of management as a sex offender. (Exhibit 2 – provisionally sealed).

The censored materials in question are comprised of a photographic collage and copies of letters that were sent outgoing to Cory Woodward (son of Plaintiff). (Exhibit 4  and 3 – filed under provisional seal). The records filed constructively under seal due to the sensitive nature of the censored material involved.  (*referencing KDOC Motion to File Under Seal and Conventionally, Docs. 13-14*).

A letter from Darcie Holthaus to David L. Woodward about why the publications are being censored and that his appeals of the censorships at that time were denied. (Exhibit 5).

A letter from the publisher of "Lock & Key" objecting to the censorship of their publication they had mailed to resident David L. Woodward at LCF. (Exhibit 8).

Disciplinary reports of DR #3023 and #14-087 are mentioned in the affidavit of Leslie West as well. (Exhibits 16 and 17). These reports show two disciplinary reports for similar convictions for possessing sexually explicit materials. (Exhibit 16 and 17). The disciplinary report documents for Exhibit 17 appear to have been fully appealed while Exhibit 16 does not appear to be fully appealed to the Secretary of Corrections. (Id.).

2020 incident report of a resident telling corrections officers, Mr. Woodward was seen masturbating to what appeared to be child pornography but upon searching his cell nothing was found. (Exhibit 13).

## <u>CONCLUSION</u>

KDOC records pertaining to David Woodward, the censored materials, and information provided in affidavit form have all been made available to this Court to assist further in the screening process of this claim. Additionally, KDOC requests this Court terminate KDOC from this case as having complied with the Memorandum and Order. (Doc. 10, p. 1).

Respectfully submitted,

/s/ Victoria L. Waters
Victoria L. Waters, KS No. 29010
Legal Counsel
Kansas Department of Corrections
714 SW Jackson St., Suite #300
Topeka, Kansas 66603
Tel: (785) 670-0019
Email: Victoria.Waters@ks.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: None.   I further certify that a copy of the foregoing document and the notice of electronic filing will be placed in the first-class mail to go to the following non-CM/ECF participants:

David L. Woodward, #0055044
Lansing Correctional Facility
301 E. Kansas Ave.
Lansing, KS 66043
Plaintiff *pro se*


/s/ Victoria L. Waters
Victoria L. Waters, #29010

<u>EXHIBIT LIST</u>

1.  KASPER Inmate Data Summary sheet for David L. Woodward #0055044 – Redacted
2.  Classifications Information of David L. Woodward #0055044 –Sealed
3.  Outgoing Letters of David L. Woodward #0055044 - Sealed
4.  Recovered Photo Collage –Sealed
5.  2025 Response to Censor
6.  Censorship Notices from LCF Mailroom –Sealed
7.  Censorship Appeals to Secretary of Corrections –Sealed
8.  Letter from Lock & Key
9.  Affidavit of Jennifer Crouse
10. Affidavit of Darcie Holthaus
11. Affidavit of Leslie West
12. Grievances from David L. Woodward #0055044
13. 2020 Incident Report
14. Disciplinary Report #6923 of David L. Woodward #0055044
15. Disciplinary Report #5778 of David L. Woodward #0055044
16. Disciplinary Report #3023 of David L. Woodward #0055044 – Sealed
17. Disciplinary Report #14-087 of David L. Woodward #0055044 – Sealed
18. Kansas Administrative Regulation 44-15-601
19. Kansas Administrative Regulation 44-15-313
20. Kansas Administrative Regulation 44-5-111
21. Kansas Administrative Regulation 44-15-101
22. Kansas Administrative Regulation 44-15-102
23. Internal Management Policy and Procedure 11-101A
24. Internal Management Policy and Procedure 12-134A
25. Internal Management Policy and Procedure 12-139D