# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID L. WOODWARD,<br>**Plaintiff,**<br><br>v.<br>JEFF ZMUDA, et al.<br>**Defendants.** | )<br>)<br>)<br>)  CASE NO. 25-03110-JWL<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF LESLIE WEST

I, Leslie West, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. My name is Leslie West, an Enforcement Apprehension and Investigation (EAI) Intelligence Special Agent for the Kansas Department of Corrections (KDOC) out of Lansing Correctional Facility (LCF) in Lansing, Kansas.

2. I have been employed in the above capacity since March 20th, 2023. I have been employed with KDOC since 2019.

3. As part of my duties, I assist in the enforcement of the rules and regulations of KS laws and department policies and orders in furtherance of promoting safety and security within KDOC facilities, specifically LCF as I am assigned there. I and the rest of the EAI team are tasked with investigating and documenting incidents involving offenders, institutional personnel or other individuals on the premises. I do this through use of investigation techniques, information gathering and evidence collection.

4. The matters stated in this affidavit are based on my personal knowledge and review of the records of inmate, David L. Woodward, 0055044, as maintained by the Kansas Department of Corrections (KDOC).

5. I am familiar with the retention of offender records by KDOC and EAI. The records and notes for, including disciplinary reports on residents as well as any investigation reports at or near the time of their creation with knowledge and were made and kept during the regularly conducted business activity by KDOC and EAI agents. These records were made in the ordinary course of EAI investigations. It is a regular business activity of KDOC to make and keep such records. I am relying on my personal recollection and the information contained within the records and in accordance with standard operations of my position.

6. I am aware that Mr. Woodward has made a complaint against KDOC, myself, and other staff of KDOC for issues surrounding censorship of his mail while being incarcerated.

7. I am aware Mr. Woodward has launched these complaints while housed at Lansing Correctional Facility (LCF) where he presently remains.

8. Mr. Woodward has a history of possessing sexually explicit materials despite his classification as a sexual offender prohibiting him from possessing such materials. According to David Woodward's Kansas Adult Supervised Population Electronic Repository (KASPER) sheet many of his violations while in KDOC custody are about possession of sexually explicit materials. This history is also further detailed in disciplinary reports: 6923, 5778, 3023, and 14-087. (Exhibits 14 – 17).

9. On or about April 2nd, 2025, I became aware Mr. Woodward had been making 'makeshift' pornography depicting what appears to me to be a youthful female and older adult male in sexual acts with cutouts from magazines.

10. On or about April 2, 2025, LCF property manager Holly Shaw wrote a disciplinary report (DR #5778) against Mr. Woodward for possession of sexually explicit material in violation of KAR 44-12-313, after discovering a small box of papers in his property containing altered manilla envelopes with a false side to them. The false side contained hidden handmade sexually explicit materials out of magazine clippings and glue. These materials were confiscated and turned over to EAI and secured as evidence. According to the record, Mr. Woodward pled guilty to the violation and subsequently found guilty.

11. I provided a digital copy of the evidence to KDOC counsel for secured production to this Court for the above captioned case and is referred to as the recovered photo collage (Exhibit No. 4).

12. It was brought to my attention on or about May 22, 2025, the mailroom had received two letters that day containing portions of a short story depicting a prostitution/rape fantasy involving young girls (as young as the age of 4) and adult men engaging in sexual scenarios. These letters were addressed as David Woodward as the sender and Corey Woodward (address: 2782 County Road 3214, Atlanta, Texas, zip 75551) as the intended receiver. It is known that Corey Woodward is the child of David Woodward based on the statements within the letters indicating such, and Corey Woodward being listed as the child of David Woodward in David Woodward's approved calling list and visitation log.

13. Due to the nature of these letters as well as the fact David Woodward is managed as a sexual offender in addition to his continuing history of possessing sexually explicit materials, I issued a disciplinary report (DR #6923) for violation of K.A.R. 44-12-313(C) for the possession of sexually explicit materials. The letters were taken and placed into evidence by EAI as proof of the violation of possession of sexually explicit materials. Upon the conclusion of my investigation into matter, the disciplinary report on this incident was written on or about May 23, 2025. Mr. Woodward pled not guilty and after the disciplinary hearing was found guilty of the violation on or about June 2, 2025.

14. This resulted in David Woodward being placed on what we call "readable mail" meaning that all outgoing and incoming mail for the Resident would be read by agents in the EAI office. For Residents not on "readable mail", outgoing mail is reviewed randomly by the mail room staff and incoming mail is reviewed prior to being copied. After being copied, incoming mail goes to the Resident. If the "readable mail" does not violate any regulations or policies, then the mail is sent out as intended after being read by an EAI agent.

15. There has been no other outgoing mail from Mr. Woodward that has violated such regulations and policies as I am aware of, so no further outgoing mail from him has been secured into evidence.

16. I provided a digital copy of the evidence to KDOC counsel for production to this Court for the above captioned case and is referred to as the outgoing letters of David L. Woodward #0055044 (Exhibit No.2).

17. The extent of my involvement with Mr. Woodward regarding the complained of matter is established above. The information provided herein is done so within the scope of the duties of my position of employment with KDOC and not in any personal or non-business capacity.

Pursuant to 28 U.S.C. § 1746, the above statements are true and based upon my personal knowledge to which I am competent to testify at trial. I declare, certify, verify, and state under penalty of perjury under the laws of the United States the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT

_____         9/18/2025
Leslie West, LCF EAI Intelligence Special Agent         Date
Kansas Department of Corrections