Attachment E, IMPP 11-119
Effective: 12-11-13

## KANSAS DEPARTMENT OF CORRECTIONS

### DISCIPLINARY APPEAL TO THE SECRETARY
### CLASS I & II

| Inmate Name: David Woodward | No: 55044 | Case No: 6923 |
|---|---|---|

| Date of Filing Appeal: 6/25/25 | Facility Hearing DR: Lansing Corr. Fac. |
|---|---|
| Date Received Copy of Disposition 6/25/25 | Returned Appeal to Facility: |

**I Am Appealing the Decision of the Hearing Officer Because:**

First I'm protesting the opening of the two letters which led to the discovery of the material to begin with. I never recieved notification of censorship of my outgoing mail to staff (see KAR 44-12-601(d)(2): If any mail communication to or from an inmate is to be censored, the following shall be met: (A) Each inmate shall be given written notice of the censorship and the reason for the censorship..." No such notice was given. Second, I was not in possession of the material at the time of discovery, the mail room was and then ISA West. The dictionary defines possession as having in hand. There is no evidence I even wrote the material. It could have been placed in the envelopes by someone else prior to sealing. It wasn't even part of my property any longer as it was in the outgoing mail. I ask the complaint be dismissed.

(Attach Additional Sheet(s) if Necessary)

| Inmate Signature: David Woodward | Date: 6/25/25 |
|---|---|

Received By:   Date 6/25/25  Time 1406  Initials MT      Date 6/30/2  Time 1214  Initials (W)

Unit Team  Cp SB          Disciplinary Officer  Sandra Elliot  Smoot Davis

**Facility Legal Counsel Responsive Argument:** _____

_____

Signature: _____     Date: _____

**Your Appeal Has Been Reviewed and it is found that:**

☐ Substantial compliance with Departmental and Facility Standards and Procedures
☒ Hearing Officer's decision was based on some evidence
☐ The Penalty imposed was appropriate and proportionate to the offense.
☐ Guilty plea or no contest, no showing 44-13-703(d)(1)(2)(3)

**Secretary's/Designee's Final Decision:**

☒ Approve the decision
☐ Reinstate dismissed charges; remand new hearing
☐ Amend charges (44-13-202)
☐ Disapprove/Dismiss
☐ Reduce the penalty
☐ Suspend sentence
☐ Remand new hearing
☐ Remand for clarification of record
☐ Reduce to summary judgment
   - restriction from privileges up to 10 days
   - fine not exceed $10
   - extra work w/o incentive pay not more than 2 hrs/day no more than 5 days
   - work w/o incentive pay not to exceed 5 days
   - restitution not less than $3.00 nor more than $20.00
☐ Remand with instructions

*[Stamp: DEPARTMENT OF CORRECTIONS CENTRAL OFFICE JUN 30 2025 TOPEKA, KS FACILITY MANAGEMENT]*

Comments: _____

_____

Secretary's/ Designee's Signature: _____ CMII  MEGHAN DAVIS, CMII  Date: 07-11-2025

Technical and clerical errors in the writing and/or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error: Plain error.

Woodward 55044
Case # 6923
R/O: SA West
H/O: CSI Snodgrass
Date: 6-2-2025
Time: 1126

## TESTIMONY

The offender has made a request for dismissal in writing based on the search of his outgoing mail being illegal in his opinion. No witness requests at the time of the hearing. I am continuing the hearing so we can determine if policy was followed for mail search during questioning.

Resident advised of and understands the charges against him.

No witness forms submitted within 48 hours of the receipt of the disciplinary report.

Resident entered a plea of not guilty.

DR read into records.

R/O and Resident sworn in.

H/O to R/O: Do you have anything to add to your case or clarify at this time?
    R/O: No.

R/O to I/M: Nothing further.

Resident to R/O: Why was this letter opened?
    R/O to Resident: Any mail was going in or out of the facility you were put on the read list. It is in the rulebook that any mail excluding legal mail can be read.

Resident to R/O: I was not in possession of this. How can you say I possessed it?
    R/O to Resident: Are you saying you never possessed it.

Resident to R/O: The dictionary says that to possess is to hold?
    R/O to Resident: Are you saying that you never possessed it.

Resident to R/O: Did you look up to see who the author of it was?
    R/O to Resident: You can look at handwriting.

Resident to R/O: How can you say I possessed it?
    R/O to Resident: You possessed it at some time.

Resident to R/O: Nothing further.

Woodward 55044
Case # 6923
R/O: SA West
H/O: CSI Snodgrass
Date: 6-2-2025
Time: 1126

---

H/O to R/O: Who found it?
    R/O to H/O: Mail room. They brought it to us and no one else read it after that. All residents are notified in the rulebook that their mail can be monitored. Censoring is not monitoring.

H/O to R/O: Nothing further.

H/O to Resident: Did you mail a letter to Corey Woodward?
    Resident to H/O: Yes.

H/O to Resident: You are not contesting that you mailed the letter?
    Resident to H/O: No, I am not contesting I mailed a letter.

H/O to Resident: What are your reasons for pleading not guilty?
    Resident to H/O: I was not in possession of anything. The dictionary describes possession as physically holding or possessing it. The mail was in a sealed envelope. The policy states that outgoing mail is not censored. It is understood that if an inmate's outgoing mail is inspected I am supposed to be notified. The letter was in the mail room and at that time the property of Corey Woodward. It was unlikely that it would ever be in my possession in the near future.

H/O to Resident: How did this get into the envelope?
    Resident to H/O: I imagine that it got put into the envelope with a letter.

H/O to Resident: Nothing further.

Resident closing statements: It's all in my motion for dismissal.

R/O closing statements: No.

Findings: Based on the provided testimony, report, and evidence concerning the violation of KAR 44-12-313C Sexually Explicit Materials Class I, it is more likely true than not that Woodward 55044 is guilty.

Sanctions: 313C-60 P/R C/S IMP

WOODWARD, DAVID  55044  6925

☐ Witness(es) Sworn In/Affirmed  _____    _____

_____    _____    _____

Witness(es) Testimony / Cross Examination  (Attach Testimony)

Closing Statement(s):  (Attach Arguments)

If applicable include Resident testimony/ arguments on restitution

Sanction(s): _313C-6D PIR CHS IMP_

Reason for Sanctions: _SEE HEARING NOTES_

Disposition of Evidence: _DISPOSE PER KAR_

☒ Resident advised of right to Appeal,  Have Resident Initial _X DRW_

HEARING OFFICER SIGNATURE ____CSI Snody____   DATE _6-2-25_

**FINAL ACTION BY FACILITY WARDEN:**

☒ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING        ☐ REDUCE TO SUMMARY JUDGMENT
☐ AMEND THE CHARGE                                                                   - restriction from privileges up to 10 days
☐ DISAPPROVE/DISMISS                                                                - fine not exceed $10.00
☐ REDUCE THE PENALTY                                                              - extra work w/o incentive pay for no more
☐ SUSPEND ALL OR PART OF SENTENCE                                                than 2 hrs/day no more than 5 days
☐ REMAND NEW HEARING                                                            - work w/o incentive pay not to exceed 5 days
☐ CLARIFICATION OF RECORD                                                      - restitution not less than $3.00
                                                                                                    or more than $20.00

Comments: _____

____Kimberly Betzold____   DATE _6/9/25_
**WARDEN/DESIGNEE SIGNATURE**

I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.

_____    _____
Resident SIGNATURE                                                           DATE
I served a copy of the Hearing Record

_____    _____
STAFF SIGNATURE                                                              DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

Page 1 of 3, Attachment L1, IMPP 11-119
Effective: 12-11-2013

## DISPOSITION AND HEARING RECORD

Resident NAME & NO: WOODWARD, DAVID  **55044**                          A-4103

| FACILITY | LCF | | CASE NO: | | HEARING: DATE | 6-2-25 |
|---|---|---|---|---|---|---|
| **CHARGING** | LCF_Max | | 6923 | | | |
| **HEARING** | LCF | | | | TIME: | 1126 |

| Violation | Class | Amended Violation | Amended Class | Plea | Finding |
|---|---|---|---|---|---|
| <u>313C</u> | I | _____ | _____ | ☐G ☒N/G ☐NC | ☒G ☐N/G ☐DISM. |
| Reason:_____ | | | | | |
| _____ | ___ | _____ | _____ | ☐G ☐N/G ☐NC | ☐G ☐N/G ☐DISM. |
| Reason:_____ | | | | | |
| _____ | ___ | _____ | _____ | ☐G ☐N/G ☐NC | ☐G ☐N/G ☐DISM. |
| Reason:_____ | | | | | |
| _____ | ___ | _____ | _____ | ☐G ☐N/G ☐NC | ☐G ☐N/G ☐DISM |
| Reason:_____ | | | | | |
| _____ | ___ | _____ | _____ | ☐G ☐N/G ☐NC | ☐G ☐N/G ☐DISM. |
| Reason:_____ | | | | | |

☐ **Reporting Officer Sworn In / Affirmed**          ☐ **Notarized Testimony Read into the Record**

**Staff Testimony / Cross Examination (Attach Testimony)**

☐ **Resident Sworn in / Affirmed**

☐ **Hearing held Inabsentia**     Reason_____

**Staff Assistant Assigned:** _____

☐ **Resident Not Sworn In/Affirmed**     Explain_____

_____

**Resident Testimony / Cross Examination (Attach Testimony)**

Max  MON2  ADMIN  SS

Attachment B, IMPP 11-119
Effective: 12-11-13

# DISCIPLINARY REPORT

LCF - C
(FACILITY)

| Case No. | 6923 | Date of Alleged Violation: | 5/23/2025 | Time: | 0730 | ⊙ A.M. / ○ P.M. |
|---|---|---|---|---|---|---|
| Date This Report Written: 05/23/2025 | | | | Time: | 1416 | ○ A.M. / ⊙ P.M. |

Name of Inmate: Woodward, David, L.     No. 55044     Cell No: A4-103
               LAST        FIRST       MI

Duty Assignment: Pending Investigation / SPM

**Alleged Violation of Law or Rule** (*Identify by Code No., Short Title, and Class*) 44-12-313 (C) Sexually Explicit Materials - Sex Offender, Class I Offense

FACTS: On May 23rd, 2025, I, ISA West was notified of two letters that were in outgoing mail from the LCF mailroom. Both letters were addressed to Corey Woodward 2782 County Road 3214, Atlanta, Texas 75551 and designated as being sent from Resident Woodward, David #55044. These two letters are mentioned as being portions of a short story written by Resident Woodward. The addressee is described as Resident Woodward's son. These letters contain, in graphic depiction,sexual acts related to girls under the age of 18. Resident Woodward encourages the reader to determine if the story is well written and asks for them to assist him with publicizing the story and to share it with their friends. Due to the graphic nature of this material, it has been logged into evidence in the LCF EAI office. The fact that Resident Woodward is a convicted sexual offender, and the possession of these sexually explicit materials, the preponderance of the evidence would lead this investigator and any reasonable individual to conclude that Resident Woodward violated 44-12-313 (C) Sexually Explicit Materials - Sex Offender. //END OF REPORT//

(Attach Additional Sheet(s) if necessary)

Staff Witnesses:_____     (Signature) _____
                                   ISA West, Leslie (S/S)
_____
                                 Printed Name and Title of Employee Writing Report

                      Approved by: _____
                                     (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct.*

Executed on 5/23/25 _____     Signature _____

I received a copy of this report on 5-24-25 1949     Refused to Sign (Copy Given)
               (Date)      (Time)

I served a copy of this report 5-24-25 1948     COII Dark
               (Date)     (Time)     (Inmate Signature & No)
                                            (Signature of Officer or Unit Team Manager & Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707. Harmless error; Plain error.*

Attachment I, IMPP 11-119
Effective: 12-11-13
P-1528i

## ACKNOWLEDGMENTS/INMATE WAIVER OF RIGHTS

**Resident NAME/NUMBER:**    WOODWARD, DAVID   55044        **CASE NO. 6923**

---

### ACKNOWLEDGMENTS

[X] I received a copy of the Disciplinary Report and was advised of the charge within 48 hours after issuance of the report. *Yes*

[X] I submitted request for Witness form within 48 hours after receipt of the Disciplinary report. *No*

[X] I received at least 24 hour notice of the time of hearing. *Yes*

[X] I was advised at the beginning of the hearing of the amount of restitution proposed and had opportunity to submit contrary evidence regarding value. *NA*

[X] I was advised as to the possible penalty involved with a plea or a finding of guilty. *Yes*

### WAIVERS

[ ] I waive time limits or other procedure(s) as stated below:                    **Resident Initials**

Time limits Waiver or other procedure(s)_____

_____

[ ] I waive reporting officer/reporting staff member testifying. Class I cases.          **Resident Initials**

Resident Signature _David Woodward_    No: _55044_    Date: _6/7/25_

Hearing Officer: _CSI Smith_    Date: _8-2-25_

Woodward 55044
Case # 6923
R/O: SA West
H/O: CSI Snodgrass
Date: 6-2-2025
Time: 1126

## **TESTIMONY**

The offender has made a request for dismissal in writing based on the search of his outgoing mail being illegal in his opinion. No witness requests at the time of the hearing. I am continuing the hearing so we can determine if policy was followed for mail search during questioning.

Resident advised of and understands the charges against him.

No witness forms submitted within 48 hours of the receipt of the disciplinary report.

Resident entered a plea of not guilty.

DR read into records.

R/O and Resident sworn in.

H/O to R/O: Do you have anything to add to your case or clarify at this time?
    R/O: No.

R/O to I/M: Nothing further.

Resident to R/O: Why was this letter opened?
    R/O to Resident: Any mail was going in or out of the facility you were put on the read list. It is in the rulebook that any mail excluding legal mail can be read.

Resident to R/O: I was not in possession of this. How can you say I possessed it?
    R/O to Resident: Are you saying you never possessed it.

Resident to R/O: The dictionary says that to possess is to hold?
    R/O to Resident: Are you saying that you never possessed it.

Resident to R/O: Did you look up to see who the author of it was?
    R/O to Resident: You can look at handwriting.

Resident to R/O: How can you say I possessed it?
    R/O to Resident: You possessed it at some time.

Resident to R/O: Nothing further.

Woodward 55044
Case # 6923
R/O: SA West
H/O: CSI Snodgrass
Date: 6-2-2025
Time: 1126

H/O to R/O: Who found it?
        R/O to H/O: Mail room. They brought it to us and no one else read it after that.
All residents are notified in the rulebook that their mail can be monitored. Censoring is
not monitoring.

H/O to R/O: Nothing further.

H/O to Resident: Did you mail a letter to Corey Woodward?
        Resident to H/O: Yes.

H/O to Resident: You are not contesting that you mailed the letter?
        Resident to H/O: No, I am not contesting I mailed a letter.

H/O to Resident: What are your reasons for pleading not guilty?
        Resident to H/O: I was not in possession of anything. The dictionary describes
possession as physically holding or possessing it. The mail was in a sealed envelope. The
policy states that outgoing mail is not censored. It is understood that if an inmate's
outgoing mail is inspected I am supposed to be notified. The letter was in the mail room
and at that time the property of Corey Woodward. It was unlikely that it would ever be in
my possession in the near future.

H/O to Resident: How did this get into the envelope?
        Resident to H/O: I imagine that it got put into the envelope with a letter.

H/O to Resident: Nothing further.

Resident closing statements: It's all in my motion for dismissal.

R/O closing statements: No.

Findings: Based on the provided testimony, report, and evidence concerning the violation
of KAR 44-12-313C Sexually Explicit Materials Class I, it is more likely true than not
that Woodward 55044 is guilty.

Sanctions: 313C-60 P/R C/S IMP

Page 1 of 3, Attachment L1, IMPP 11-119
Effective: 07/2007

## KANSAS DEPARTMENT OF CORRECTIONS
### DISCIPLINARY OFFICE
### INMATE DISCIPLINARY SUMMONS

TO:         WOODWARD, DAVID              55044           DATE: May 30, 2025
Resident NAME              NUMBER

HOUSING UNIT/CELL: A1119

CASE NO. 6923

---

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE A HEARING OFFICER AS DEFENDANT IN THE ABOVE
REFERENCED CASE.

TIME:  7:30 a.m. or when called.

DATE: **MONDAY     6/2/2025**

LOCATION:  A1  Hearing Room

**FAILURE TO REPORT WILL RESULT IN THE ISSUANCE OF A DISCIPLINARY REPORT FOR THE
VIOLATION OF K.A.R. 44-12-501; A CLASS III OFFENSE.**

---

Resident SIGNATURE: _Refused to Sign_

STAFF SIGNATURE: _COII Bend_

SERVED: _5-30-25_                _2100_
DATE                              TIME

---

PLEASE RETURN ORIGINAL SUMMONS TO THE DISCIPLINARY ADMINISTRATOR'S OFFICE.  GIVE THE
INMATE THE COPY FOR HIS RECORDS.

MOTION TO DISMISS

Case No. 6923                                    Disciplinary Report 5/23/25

This concerns a Disciplinary Report dated 5/23/2025, written by Leslie West, ISA, which was received on 5/24/2025.

The Report states, in effect, I was in possession of sexually explicit material. This is <u>incorrect</u>. I was <u>not</u> <u>in possession</u> of anything, sexually explicit or otherwise. The Oxford New Desk Dictionary and Thesaurus, Third Edition, defines possession as: 3. hold, as in hold onto. To hold something is further defined as: physically possess a thing.

ISA West was apparently notified of two letters that were in the <u>outgoing</u> mail in the LCF mailroom. These letters were in sealed envelopes with appropriate postage applied. It is the policy of the Kansas Department of Corrections that correspondence mailed from an institute operated by the KDOC is not subject to being censored.

In order for the contents of these letters to be determined, the mail room had to open the letters, thus molesting and interfering with the U.S. Mail. It is understood that if an inmate's outgoing mail is going to be subjected to inspection, prior notification is to be given and the reason why. I was never notified of either.

Regardless, this mail was in the facility mail room to <u>leave</u> the facility, <u>not</u> in my possession, <u>no longer</u> <u>my property</u> *<u>either</u>, nor was there a liklihood it would ever be in my possession at any time in the future. The mail room also exceeded it's authority opening the letters, per KDOC policy.

David Woodward

Page 1 of 2

MOTION TO DISMISS Case No 6923, page 2.

Actually immaterial to the charge of possessing sexually explicit material, was that ISA West alleges that the material in question was claimed to be portions of a short story written by me. However, the actual facts are, that the "short stories" are authored under a different name than mine.

Regardless, the 1ˢᵗ amendment under both the Kansas and U.S. Constitutions states that citizens be allowed the freedom to express ideas, thoughts, writing such as books, stories and any form of literature, freedom of the media, etc. without goverment interference, censorship, sanctions or punishment for exercising this right. I ask the Disciplinary Report be dismissed. Further:

By ISA West's seizing the "stories", he has violated the 1ˢᵗ amendment, U.S. Const. amend. 1, and indirectly punishing the author, who he claims is me, by way of his Disciplinary Report. If further action or punishment is rendered for the existence of the "stories", such as possessing them (which I am not), this enhances the offense of violating the 1ˢᵗ amendment right and shall be subjected to civil rights action.

                              END
                    David Woodward

NOTE: In August 2023, L.C.F. was given notice that Corey Woodward, to whom the letters were address, was provided my Durable Power of Attorney and as such was my agent to handle things such as stories for me. By Kansas Statutes, the Power of Attorney makes Corey Woodward my Attorney-in-Fact, therefore correspondence with him should be privileged. The mail room violated Attorney-Client privilege. DW

* The letters and contents inside were now the property of whoever the letters were addressed to, ie Corey Woodward

                    Page 2 of 2