# Kansas Administrative Regulations

## Agency 44

# Department of Corrections

## Article 12.—Conduct and Penalties

**44-12-601. Mail**. (a) Definitions. (1)(A) "Legal mail" means mail affecting the inmate's right of access to the courts or legal counsel. This term shall be limited to letters between the inmate and any lawyer, a judge, a clerk of a court, or any intern or employee of a lawyer or law firm, legal clinic, or legal services organization, including legal services for prisoners.
(B) "Official mail" means any mail between an inmate and an official of the state or federal government who has authority to control, or to obtain or conduct an investigation of, the custody or conditions of confinement of the inmate.
(C) "Privileged mail" means any mail between the inmate and the inmate's physician, psychiatrist, psychologist, or other licensed mental health therapist.
(2)(A) "Censor" means to remove or change any part or all of the correspondence or literature.
(B) "Inspect" means to open, shake out, look through, feel, or otherwise check for contraband without reading or censoring. This term shall include any cursory reading necessary to verify that mail is legal or official in nature as permitted by paragraph (f)(3).
(C) "Read" means to read the contents of correspondence or literature to ascertain the content.
(3) "Minor" means a person under the age of 18.
(4) "Bodily substance" means blood, fecal matter, nasal or sinus mucous or secretions, perspiration, saliva, semen, skin or other tissue, sputum, tears, urine, or vaginal secretions.
(b) General provisions.
(1) Each inmate shall comply with the mail procedures and restrictions established by the order of the warden of the facility. Failure to comply with mail procedures or restrictions, or circumventing or attempting to circumvent mail procedures or restrictions by any means, shall be prohibited. The delivery of mail through an employee, volunteer, teacher, or any other person who is not authorized to perform functions related to the established mail-handling system shall be prohibited.
(2) Contraband. Items identified as contraband shall be dealt with as provided in subsection (d) and then either returned to the sender at the inmate's expense or destroyed, at the inmate's option. Items illegal under Kansas or U.S. federal law shall be seized and held as evidence for other law enforcement officers.
(3) All incoming mail shall identify the inmate recipient by name and inmate identification number.
(4) Violation of mail regulations of the department of corrections, orders of the warden, or the laws of Kansas or the United States may result in additional mail restrictions upon the offender that are

sufficient to prevent the continuation or reoccurrence of the violation.
(5) All funds sent for deposit to an inmate's trust account shall be in the form of an electronic funds transfer sent through an entity under contract with the department of corrections to conduct those transactions. These funds shall be sent to the centralized banking location or individual work release location designated by the secretary. All other funds sent for deposit to an inmate's trust account, other than governmental checks, warrants, and worker's compensation benefit checks, shall be returned immediately to the sender, and the intended inmate recipient shall be so notified in writing, without need of formal censorship. Except for correspondence qualifying as legal mail in which funds are enclosed in an envelope clearly marked as such, correspondence or other material sent with funds shall not be forwarded and shall be discarded.
(6) Any incoming or outgoing mail other than legal, official, or privileged mail may be inspected or read at any time.
(7) Incoming mail addressed solely to a specific inmate and not otherwise subject to censorship shall be delivered regardless of whether the mail is sent free of charge or at a reduced rate. All incoming mail shall nonetheless bear the sender's name and address on the envelope, or this mail shall not be delivered and shall be immediately destroyed.
(8) Any outgoing first-class letters may be sent to as many people and to whomever the inmate chooses, subject to the restrictions in this regulation.
(9) Outgoing inmate mail shall bear the full conviction name, inmate number, and address of the sender, and the name and address of the intended recipient. No other words, drawings, or messages shall be placed on the outside of the envelope or package by an inmate except words describing the mail as being legal, official, privileged, or intended to aid postal officials in delivery of the item. Outgoing inmate mail shall be stamped by the facility to indicate that it was mailed from a facility operated by the department of corrections and that it has not been censored.
(10) Inmates shall not correspond with any person, either directly or through third parties, who has filed a written objection to the correspondence with the director of victim services in the department of corrections central office. The director of victim services in the department of corrections central office shall notify the warden of the facility where the offender is incarcerated of any written objections to correspondence sent by the offender within three business days of its receipt.
(A) The inmate shall be notified of the objection in writing when it is received, but shall not be required to be informed of the exact contents of the objection.
(B) Orders shall be developed by the warden of each facility to prevent further correspondence from being sent to those who have filed an objection.
(C) This regulation shall not prevent an inmate from writing to the inmate's natural or adoptive child, unless the child was the victim of the crime for which the inmate is incarcerated, the person having legal custody of the child files a written objection with the director of victim services in the department of corrections central office, and the inmate has not obtained a court order permitting this written communication with the child. The director of victim services in the department of corrections shall inform the warden of the facility where the inmate is assigned of any objection from

the person having legal custody of the child within three business days of its receipt.

(11)(A) No inmate shall correspond with a minor, either directly or through any third party, unless one of the following conditions is met:

(i) A parent or legal guardian of the minor has filed written authorization for the correspondence between the inmate and the minor with the director of victim services in the department of corrections central office.

(ii) If the minor is the inmate's natural or adoptive child, the correspondence is authorized pursuant to paragraph (b)(10)(C), and the inmate has registered the child by providing the name, date of birth, and address of the natural or adoptive child to the director of victim services.

(B) The director of victim services shall notify the warden of the facility where the inmate is incarcerated of any written authorization for correspondence with a minor who is not the natural or adoptive child of the inmate, as well as the registration information of the inmate's natural or adoptive child.

(12) An inmate shall not mail or attempt to mail any of the following:

(A) Any bodily substance;

(B) a substance represented by the inmate as being a bodily substance; or

(C) a substance that a reasonable person would conclude is a bodily substance.

(c) Legal, official, and privileged mail.

(1) Subject to the provisions of paragraph (f)(3), outgoing privileged, official, or legal mail sent by any inmate shall be opened and read only upon authorization of the warden for good cause shown. However, if any inmate threatens or terrorizes any person through this mail, any subsequent mail, including official or legal mail, from the inmate to the person threatened or terrorized may, at the request of that person, be read and censored for a time period and to the extent necessary to remedy the abuse.

(2) Incoming mail clearly identified as legal, official, or privileged mail shall be opened only in the inmate's presence. This mail shall be inspected for contraband but shall not be read or censored, unless authorized by the warden based upon a documented previous abuse of the right or other good cause.

(3) All legal mail and official mail shall be indefinitely forwarded to the inmate's last known address. If any mail is returned to a facility as undeliverable when sent to the inmate's last known address, the mail shall be returned to the sender with a notice that the mail was forwarded unsuccessfully and is now returned to the sender for further disposition.

(d) Censorship grounds and procedures.

(1) Incoming or outgoing mail, other than legal, official, or privileged mail, may be censored only when there is reasonable belief in any of the following:

(A) There is a threat to institutional safety, order, or security.

(B) There is a threat to the safety and security of public officials or the general public.

(C) The mail is being used in furtherance of illegal activities.

(D) The mail is correspondence between offenders, including any former inmate regardless of current custodial status, that has not been authorized according to subsection (e). Correspondence

between offenders may be inspected or read at any time.
(E) The mail contains sexually explicit material, as defined and proscribed by K.A.R. 44-12-313.
(2) If any communication to or from an inmate is censored, all of the following requirements shall be met:
(A) Each inmate shall be given a written notice of the censorship and the reason for the censorship, without disclosing the censored material.
(B) Each inmate shall be given the name and address of the sender of incoming mail, if known, or the addressee of outgoing mail and the date the item was received in the mail room. Notice of the censorship of correspondence by the facility shall be provided to the sender, if known, by staff in the facility's mail room within three business days of the decision to censor.
(C) The author or addressee of the censored correspondence shall have 15 business days from the date of the notice of censorship to protest that decision.
(D) All protests shall be forwarded to the secretary of corrections or the secretary's designee for final review and disposition.
(E) Each inmate shall have the option of having censored correspondence or other materials in their entirety either mailed out at the expense of the inmate or discarded.
(e) Offender correspondence with other offenders.
Offenders sentenced to the custody of the Kansas department of corrections shall not correspond with any person who is in the custody of or under the supervision of any state, federal, county, community corrections, or municipal law enforcement agency, or with any former inmate regardless of current custodial status, unless either of the following conditions is met:
(1) The proposed correspondents are members of the same immediate family or are parties in the same legal action, or one of the persons is a party and the other person is a witness in the same legal action.
(2) Permission for correspondence is granted due to exceptional circumstances. Verification and approval of offender correspondence shall be conducted pursuant to the internal policies and procedures of the department of corrections.
(f) Writing supplies and postage.
(1) Stationery and stamps shall be available for purchase from the inmate canteen.
(2) Indigent inmates, as defined by the internal management policies and procedures of the department of corrections, shall receive reasonable amounts of free writing paper, envelopes, and postage for first-class domestic mail weighing one ounce or less, not to exceed four letters per month.
(3) All postage for legal and official mail shall be paid by the inmate, unless the inmate is indigent, as defined by the internal management policies and procedures of the department of corrections. The cost of postage for legal or official mail paid by the facility on behalf of an indigent inmate shall be deducted from the inmate's funds, if available. Credit for postage for legal and official mail shall be extended to indigent inmates under the terms and conditions of the internal management policies and procedures of the department of corrections. Outgoing legal or official mail sent with postage provided on credit shall be subject to inspection and a cursory reading in the presence of the inmate

for the purpose of ascertaining that the mail is indeed legal or official mail, and the inmate shall then be permitted to seal the envelope containing the mail.

(4) The facility shall not pay postage for inmate groups or organizations.

(5) The mailing of postage stamps by an offender shall be prohibited.

(g) Publications.

(1) Inmates may receive books, newspapers, and periodicals as permitted by the internal management policies and procedures of the department of corrections. All books, newspapers, and periodicals shall be purchased through account withdrawal requests. Only books, newspapers, and periodicals received directly from a publisher or a vendor shall be accepted. However, an inmate shall be permitted to receive printed material, including newspaper and magazine clippings, if the material is included as part of a first-class letter that does not exceed one ounce in total weight.

(2) The procedures for censorship of mail listed in subsection (d) shall be used for censorship of publications.

(3) No publication that meets either of the following conditions shall be allowed into the facility:

(A) Contains sexually explicit material, as described in K.A.R. 44-12-313, or is otherwise illegal, in whole or in part; or

(B) meets, in whole or in part, the test for censorship of mail in subsection (d).

(4) Inmates shall have the option of having censored publications in their entirety either mailed out of the facility at their own expense or discarded.

(5) Before transferring between facilities, the inmate shall arrange for a change of address for the inmate's mail, including newspapers and periodicals. Mail, with the exception of legal mail or official mail, shall not be forwarded for more than 30 days after the date of transfer.

(h) Regulation violation. Each violation of this regulation shall be a class I offense. (Authorized by K.S.A. 2013 Supp. 75-5210, K.S.A. 2013 Supp. 75-5251; implementing K.S.A. 2013 Supp. 75-5210, K.S.A. 2013 Supp. 75-5251, and K.S.A. 75-5256; effective May 1, 1980; amended May 1, 1981; amended May 1, 1984; amended May 1, 1986; amended May 1, 1988; amended April 20, 1992; amended Jan. 3, 1995; amended April 17, 1998; amended Feb. 15, 2002; amended, T-44-3-19-04, March 19, 2004; amended July 2, 2004; amended July 13, 2007; amended June 20, 2014.)

***** *Authenticated Kansas Administrative Regulation* *****