

# INTERNAL MANAGEMENT POLICY & PROCEDURE

**Department of Corrections**

**Applicability:** **X** ADULT Operations Only   _ JUVENILE Operations Only   _ DEPARTMENT-WIDE

**IMPP #:** 12-134A                                                                                              **PAGE #:  1 of 5**

**SECURITY AND CONTROL: Uniform Review of Publications**

**Original Date Issued:** 04-20-16   **Replaces IMPP Issued:** 04-20-16   **CURRENT EFFECTIVE DATE: 12-06-21**

**Approved By:** [signature]   **Secretary**   **Next Scheduled Review: 04/2027**

## POLICY

The Publications Review Officer (PRO) at a correctional facility designated by the Deputy Secretary of Facilities Management, must review all questionable publications received by mail for intended delivery to residents, and must, on an individual basis for each publication, decide whether to allow such publication within KDOC facilities or to censor and deny delivery of such publication based upon the criteria set forth at KAR 44-12-313 and/or 44-12-601. Each facility shall designate personnel to coordinate with the PRO regarding the publication review process.

Any decision to allow or censor a publication shall apply to all adult departmental facilities.

A censorship decision made by the designated facility PRO is to be automatically appealed to the Secretary of Corrections' designee.

By publication of this policy, it is the clear intent of the Secretary of Corrections to fully occupy the field of publication censorship, and no independent censorship of publications shall be undertaken by any facility within the Department.

## DEFINITIONS

Business Day: A day on which Kansas state governmental offices are open for regular business.

Designated Facility: The facility designated by the Deputy Secretary of Facilities Management to perform the review functions with regard to publications intended for delivery to residents.

Facility Coordinator: The personnel designated by the Warden of each facility to coordinate with the designated facility regarding the publication review process.

Original Receiving Facility: The facility where the publication was originally received by mail. Normally, it is the facility where the resident addressee is housed.

Resident: A person who is in the legal custody of the Secretary of Corrections and housed in a departmental correctional facility.

## PROCEDURES

I. **Submission of Publications for Departmental Review**

   A. Original receiving facility staff must review all publications received by mail for intended delivery to residents. If there is a question of whether a publication can be allowed into a correctional facility and it has not been reviewed at the designated facility, the original receiving facility must refer the publication to the PRO at the designated facility for review.

      1. The sections of the publication in possible violation of policy must be scanned and forwarded by way of Mail Review email distribution list to the PRO and all other facility mailrooms.

         a. The information sent for review via the Mail Review distribution list must contain at least the front cover, the publisher's information page, the issue number and/or date and the sections in question.

         b. To avoid duplicate submissions, all facility mailrooms must maintain a log of those publications sent for review, and the designated facility must log all publications received, the action taken on the publication, and the dates of notification of decisions and return of the publication.

   B. Once a facility is notified that censorship of a publication has been proposed, the publication must not be provided to any resident within that facility until a final decision has been reached.

   C. When the designated facility is also the original receiving facility and to prevent duplication, designated facility staff must periodically send to all mailrooms via the Mail Review email a list of all publications sent to the designated facility that have already been reviewed and approved. For publications received at the designated facility that have been denied, staff must distribute the KDOC Notification of Publication Seizure/Censorship form (Attachment A) to all mailrooms via Mail Review email distribution.

II. **Publication Review by Designated Facility Staff**

   A. The review of incoming publications intended for residents must be made by the PRO at the designated facility.

   B. Any facility wishing to provide input regarding the possible censorship of a particular publication must forward relevant comments to the facility recommending that the publication be censored.

      1. All comments must be forwarded to the PRO within two (2) business days of the receipt of the initial censorship proposal.

   C. Subsequent to the review of all comments and other relevant information, the PRO at the designated facility must render a decision as to whether the publication is to be allowed within KDOC facilities or if it is to be censored.

      1. The decision must be made within five (5) business days of the receipt of the publication. If more time is needed, the PRO is to give notice to the facility mailrooms of the delay.

      2. If the decision is to allow the publication to be received by residents, the PRO must send to each facility by way of the Mail Review email distribution list a copy of a letter approving the publication.

      3. If the PRO makes a determination that there is sufficient basis to censor a publication, based on the criteria set forth in the Censorship Guidelines (Attachment B), the KDOC Notification of Publication Seizure/Censorship (Attachment A) must be completed as follows:

         a. The area reserved for the name of the resident recipient must be left blank;

         b. Specific reasons for the determination must be provided; and,

        c.    Personnel of the designated facility must ensure that a copy of the censorship form is forwarded by Mail Review email distribution list to each KDOC facility mailroom.

### III. Automatic Appeals

A. All publications censored by the PRO are to be automatically appealed and reviewed by the Secretary's designee.

    1. The PRO is to make available to the Secretary's designee the scanned documentation used to support censorship. If scans are not sufficient or if the Secretary's designee requests the physical copy of the publication, the PRO must notify the facility holding the original publication to send it to the Secretary's designee by mail.

    2. Within 30 business days of receipt of the appeal, the Secretary's designee is to review the publication to determine if the censorship was appropriate and consistent with censorship policy. If more time is needed, the Secretary's designee is to give notice to the PRO of the delay.

    3. The Secretary's designee's decision is final and binding on all parties concerned.

    4. There is to be no further appeals accepted and a resident can consider their administrative remedy exhausted.

    5. The Secretary's designee must inform the resident of the decision in writing using KDOC Seizure/Censorship Appeal Determination (Attachment C).

B. After the decision is made, the Secretary or the Secretary's designee must electronically send the appeal decision with publication documentation to the designated Facility to be distributed to all facility mailrooms. The publication is to be returned to the originating facility mailroom by mail.

    1. At a minimum, each appeal record must contain the appeal decision, the assigned FY#, the cover page, publisher's information page and the pages which are in violation of policy.

        a. The PRO must maintain and update appeal records on the KDOC Policy and Operational Documents (Power DMS) site.

        b. In the event that the publication as a whole must be retrieved, designated staff can access a copy from the publisher, the Kansas State Library or other sources for publications.

    2. If it is the decision of the Secretary or the Secretary's designee that the censorship of the publication is reversed, and that the publication is allowed for delivery to residents within KDOC facilities, then the following actions must be taken:

        a. The Secretary or Secretary's designee must notify the personnel of the designated facility that their censorship action has been reversed, and of the reasons for that reversal in writing using KDOC Seizure/Censorship Appeal Determination (Attachment C).

        b. The personnel of the designated facility shall then in turn notify the mailroom personnel of all adult KDOC facilities by both email and regular mail that the publication is to be allowed within their respective facilities.

### IV. Notice to Facilities of Final Decision

A. Upon rendering a decision concerning the publication, the PRO must notify the KDOC facility coordinators by email as to the nature of the decision.

    1. If the decision is to censor, the decision must be logged in the censored publication list.

Case 5:25-cv-03110-JWB-RES   Document 12-24   Filed 09/18/25   Page 4 of 8

Page 4 of 5, IMPP 12-134A
Effective 12-06-21

a. No entries to this list are to be made by anyone other than personnel of the designated facility.

2. If the decision is to allow the publication to be received by residents, a copy of a letter approving the publication must be sent to each facility by using the Mail Review email distribution list.

**V.     Notice to Residents/Publisher**

A. When a publication has been censored, each facility receiving the publication must notify the resident to whom the publication is addressed that the publication has been censored.

1. To facilitate this procedure, the form provided to the facility by the PRO must be copied, and the resident/recipient's name shall be added to the form.

B. When a publication has been censored, the PRO must also provide notice to the publisher using KDOC Seizure/Censorship Appeal Determination (Attachment C).

**VI.    Disposition of Censored Publications**

A. Any resident addressee of a censored publication is required to make disposition of the censored publication materials at the resident's expense.

1. The resident must be given the opportunity to send the publication to a location of their choosing and expense, pursuant to KAR 44-12-601(g)(4).

2. Alternately, the resident may elect to have the publication destroyed or donated.

3. Final action occurs on the date the Secretary or designee renders a decision on the publication appeal.

B. If the resident refuses or fails to make disposition of the publication within 30 calendar days of the final action regarding the publication, the publication must be destroyed.

**VII.   Reversal of Previously Approved or Denied Publications**

A. After a publication has been through the appeals process or a final decision has been made, only under extraordinary circumstances can the decision be reversed.

1. Reasons to reverse a final decision include, but are not limited to, new evidence uncovered, staff negligence, or changes in law or policy.

2. In the event a publication was originally denied but later approved, the Secretary's designee is to instruct the designated facility staff to change the Publications Censor List to show the publication is now approved and send out a notice to all mailrooms of the change.

3. In the event a publication was originally approved but later disapproved, the Secretary's designee is to instruct the designated facility staff to change the Publications Censor List to show the publication is now disapproved and send out a notice to all mailrooms of the change.

a. Residents who are in possession of this publication before the reversal date must make disposition of the publication at their own expense but is not to be issued any form of disciplinary sanction based on possession of the censored material.

**VIII.  This document forms the full basis of policy on the matter of publication review and censorship, and no General Orders on this subject shall be allowed.**

**NOTE:** The policy and procedures set forth herein are intended to establish directives and guidelines for staff and residents and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees or residents, or an independent duty owed by the Department of Corrections to employees, residents, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards. Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure are not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

## REPORTS

None.

## REFERENCES

K.A.R. 44-5-111, 44-12-313, 44-12-601

## HISTORY

04-20-16 Original
12-06-21 Revision 1
06-07-24 Statement of Review

## ATTACHMENTS

| Attachment | Title of Attachment | Page Total |
|---|---|---|
| A | KDOC Notification of Publication Seizure/Censorship | 1 page |
| B | Censorship Guidelines | 1 page |
| C | KDOC Seizure/Censorship Appeal Determination | 1 page |

Attachment A, IMPP 12-134A
Effective 12-06-21

# **KDOC NOTIFICATION OF PUBLICATION SEIZURE/CENSORSHIP**

DATE:_____

TO: Resident _____   #_____

Facility: _____

RE:
_____
(Title of Publication)

Issue Date: _____

Author _____

Publisher_____

The publication identified above has been rejected in accordance with KDOC regulations, specifically K.A.R._____

This publication has been rejected because _____

_____

_____

(Specific portions or pages of the publication which are objectionable or other reasons forming a basis of rejection)

All publications censored by the Publications Review Officer (PRO) are to be automatically appealed and reviewed by the Secretary of Corrections' designee. There are to be no further appeals accepted and a resident can consider their administrative remedy exhausted. The Secretary of Corrections' designee must inform the resident of the decision in writing.

The publication in question is to be held until the decision in this matter is made, and then it can be delivered to you, mailed out at your expense (if you so request) or destroyed, depending on the outcome of the appeal.

_____   _____
Publication Review Officer                                                  Date

cc:

Attachment B, IMPP 12-134A
Effective 12-06-21

Censorship Guidelines

Incoming mail and publications may be considered a threat to facility safety order or security if:

1. It blatantly encourages activities that may lead to the use of physical violence, group disruption, disregard of lawful authority or racial animus.

2. It facilitates unauthorized organizational activity.

3. It overtly advocates or encourages violence, hatred, group disruption, disregard of lawful authority or racial animus and not merely describes the same.

4. It encourages or instructs in the commission of criminal activity.

5. It depicts or describes procedures for the construction or use of weapons, ammunition, bombs, or incendiary devices.

6. It depicts or describes procedures for making alcoholic beverages or manufacturing drugs or glorifies drug or alcohol abuse.

7. It depicts, describes, or encourages methods of escape from correctional facilities or provides material that may assist in an escape attempt such as a detailed map of areas surrounding correctional facilities; or it depicts or describes methods or means of avoidance of detection from law enforcement.

8. The content contains security threat group (STG) material or depictions of hand signs or symbols that appear to be related to an STG and could promote or enhance the image of an STG within the facility or may be interpreted as legitimizing gang behavior.

9. It is determined by a behavioral health professional or counselor to be detrimental to behavioral health or rehabilitation. Disapproval of publications under this criterion must be made on a case-by-case basis based upon documentation of the behavioral health professional or counselor's determination.

10. It is written in code or facilitates unauthorized communication between residents.

11. It contains sexually explicit material defined as follows:

    A. The material is considered sexually explicit if the average person, applying modern-day standards, would find that the material, **taken as a whole**:

        (1) Exists to generate sexual arousal;

        (2) Has offensive representations or descriptions of:

            (a) Sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy or bestiality;

            (b) Masturbation, excretory functions, sexual or erotic poses, including poses that a reasonable person would find to be for the sole purpose of sexual arousal, sadomasochistic abuse or lewd exhibition of the human genitals, buttocks, or female breast;

            (c) Minors, actual or simulated, including photographs of persons of unknown age that a reasonable person would find are intended to be depicted as minors; and

            (d) Taken as a whole, a reasonable person would find that the material lacks serious literary, educational, artistic, political, or scientific value.

This list is not exhaustive and other writings and publications may constitute a threat to facility safety, order or security as determined on a case-by-case basis.

Attachment C, IMPP 12-134A
Effective 12-06-21

# **KDOC SEIZURE/CENSORSHIP APPEAL DETERMINATION**

DATE:_____   LOG NO:_____

TO: Resident _____   #_____

Facility: _____

RE:
_____
(Title of Publication)

Issue Date: _____

Author _____

Publisher_____

The publication identified above was withheld from circulation by the designated publication review officer in accordance with KDOC regulations, specifically K.A.R. _____.  Upon subsequent review, the Secretary of Corrections/Designee has determined that the withholding of the publication is to be:

☐ Upheld

☐ Overturned

There are to be no further appeals accepted and a resident can consider their administrative remedy exhausted.

The publication may now be delivered to you, mailed out at your expense, donated, or destroyed, depending on the outcome of the appeal.

_____   _____
Secretary of Corrections/Designee           Date
cc:
_____
Publisher name and address