IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID L. WOODWARD,**

    **Plaintiff,**

    v.                                    **CASE NO. 25-3110-JWL**

**JEFF ZMUDA, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and state prisoner David L. Woodward brings this pro se civil rights case under 42 U.S.C. § 1983. On July 18, 2025, the Court entered a Memorandum and Order (Doc. 10) finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials and ordering the preparation of a *Martinez* Report. This matter is before the Court on the KDOC's sealed "Motion to File Proposed Redacted Exhibit 1 to Investigative Report Prepared Pursuant to '*Martinez v. Aaron*" (Doc. 13) and its sealed "Motion to File under Seal Exhibits 2, 3, and 4 to Investigative Report Prepared Pursuant to '*Martinez v. Aaron*,'" (Doc. 15).

The first motion seeks to file Exhibit 1 with Plaintiff's date of birth redacted. (Doc. 13.) The motion indicates that Plaintiff "will not be provided with the redacted [*sic*] version of Exhibit 1." *Id.* at 2. It also indicates that "if he would like to view an unredacted version of Exhibit 1 then the [KDOC] will provide him the opportunity to view one upon request but due to safety and security concerns he will not be given a copy." *Id.* This motion will be granted.[1]

---

[1] Exhibit 1 is a printout of information available to the public on the KDOC website. It includes demographic information, Plaintiff's current status and physical location, his convictions, and brief information about his disciplinary reports. While the Court appreciates the KDOC's efforts to redact Plaintiff's birthdate from the documents filed in this case, the necessity of filing a publicly available document as an exhibit to the *Martinez* report is not obvious.

1

The second filing, which was not docketed as a motion, is titled "Motion to File under Seal Exhibits 2, 3, and 4 to Investigative Report Prepared Pursuant to '*Martinez v. Aaron*.'" (Doc. 15.) Despite this title, when read in its entirety, the motion seeks leave to file under seal Exhibits 2, 3, 4, 6, 7, 16, and 17 to the *Martinez* Report. *Id.* at 1. It also seeks to file these exhibits conventionally, stating "there are too many exhibits and some too sizable to file electronically." *Id.* at 4.

"A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978))). To succeed, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* at 1135–36 (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

The motion now before the Court fails to make this particularized showing with respect to each and every exhibit that the KDOC wishes to file under seal. The KDOC will be granted additional time in which to submit a motion to seal Exhibits 2, 3, 4, 6, 7, 16, and 17 that complies with the local rules and makes the showing required by law to justify sealing each exhibit. If the KDOC does not do so in the prescribed time, this matter will proceed on the *Martinez* report and the exhibits currently filed.

Similarly, the KDOC's broad request to file Exhibits 2, 3, 4, 6, 7, 16, and 17 is lacking in specificity. Although the nature of Exhibit 4 appears to require conventional filing, the need for conventional filing of the other exhibits rests on the KDOC's assertion that "there are too many exhibits and some too sizable to file electronically." (Doc. 15, p. 4.) This is insufficient. The Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic

Means in the United States District Court for the District of Kansas contains provisions related to filing "large documents," meaning those over 75 megabytes. *See* Admin. Proc. Sec. IV. In addition, if exhibits "are too lengthy to be scanned," they may be filed conventionally with leave of court. *Id.* But in a motion seeking leave to conventionally file exhibits that are too lengthy to be scanned, the KDOC must advise the Court of the length of each exhibit. Simply stating that "some" of the exhibits are too sizable to file electronically, without further information, is insufficient to obtain leave to file seven exhibits conventionally. To be clear, for each exhibit that the KDOC wishes to file conventionally, it must explain with specificity why electronic filing is impracticable.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to File Proposed Redacted Exhibit 1 to Investigative Report Prepared Pursuant to "*Martinez v. Aaron*" (Doc. 13) is **granted.** The motion, which was provisionally sealed at Doc. 13 shall remain under seal. The Clerk is directed to remove the provisional designation from Doc. 13.

**IT IS FURTHER ORDERED** that the Clerk is directed to file the proposed redacted Exhibit 1, docketed at Doc. 14, as Exhibit 1 to the *Martinez* Report, docketed at Doc. 12. The proposed redacted exhibit, which was provisionally sealed at Doc. 14, need not remain sealed. The Clerk is directed to unseal Doc. 14.

**IT IS FURTHER ORDERED** that the "Motion to File Under Seal Exhibits 2, 3 and 4 to Investigative Report Prepared Pursuant to '*Martinez v. Aaron*'" (Doc. 15) is **denied without prejudice** for the reasons set forth in this order. The KDOC is granted to and including **September 29, 2025** in which to submit any additional motions to file exhibits to the *Martinez* Report conventionally and/or under seal. Future motions must comply with the Local Rules and the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic

Means in the United States District Court for the District of Kansas. If no further motions are timely received, the Court will continue screening this matter on the information in the *Martinez* Report and exhibits thereto that are currently filed.

**IT IS SO ORDERED**.

**Dated September 22, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
