IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID L. WOODWARD,**

                **Plaintiff,**

      v.    CASE NO.  25-3110-JWL

**JEFF ZMUDA, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff David L. Woodward brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On November 10, 2025, the Court entered a memorandum and order dismissing Jeff Zmuda as a Defendant and dismissing Count III of this action for failure to state a claim. (Doc. 29.) That order granted Plaintiff time in which to file a motion for leave to supplement the amended complaint or a motion for leave to file a second amended complaint. *Id.* On November 20, 2025, Plaintiff filed a timely motion for leave to file a supplemental pleading. (Doc. 33.) The Court will consider that motion and, after doing so, will enter a separate order ruling on it.

On November 18, 2025, however, Plaintiff filed a notice of interlocutory appeal. (Doc. 30.) The Tenth Circuit Court of Appeals has docketed the interlocutory appeal and assigned it Appeal Number 25-3209. (Doc. 32.)  The Tenth Circuit Court of Appeals generally has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs.*, 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456

1

F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

The Court must evaluate an interlocutory appeal under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Certifying an interlocutory appeal under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive order of November 10, 2025 could materially advance the ultimate resolution of this matter. The Court's rulings do not involve a controlling question of law on which there is substantial ground for difference of opinion. The Court thus declines to order certification of this case for interlocutory appeal. In addition, the Court cautions Plaintiff that this matter is not automatically stayed by an

interlocutory appeal. As stated above, the Court will consider the pending motion for leave to file a supplemental pleading and will issue a separate order ruling on that motion.

**IT IS THEREFORE BY THE COURT ORDERED** that the court declines to certify Plaintiff's interlocutory appeal (Doc. 30). This case will not be stayed during the pendency of the appeal. The clerk is directed to transmit a copy of this order to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated November 20, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge