David L. Woodward 20000 25235
P.O. Box 2
Lansing, KS 66043

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

DAVID L. WOODWARD
　　　Plaintiff

vs

JESSE HOWES, DARCIE
HOLTHAUS, LESLIE WEST
and J. CROUSE
　　　Defendants

Case No. 25 cv 3110JWL

## SUPPLEMENTAL PLEADING

COMES NOW David L. Woodward, plaintiff pro se in the above entitled matter to supplement his amended civil rights complaint, pursuant to Fed. R. Civ. P. 15(d), which was filed with the court on July 17, 2025.

Additional matters have arisen since plaintiff filed his amended complaint which were not able to be presented at the time of filing which need to be included in the complaint as supporting facts to Counts I and II.

Count I:

On July 15, 2025, Jeff Zmuda initiated and implemented Internal Management Policy and

1

Procedure (IMPP) 12-127D. Part III of this IMPP added a new censorship category to the existing ones on the mail censorship notices being issued to plaintiff as a reason to censor his publications.

This new category in effect prohibits receipt of all publications and books by plaintiff unless they have been ordered through three (3) approved vendors that are listed by Jeff Zmuda.

Although this IMPP was effective July 15th, and plaintiff filed his amended complaint on July 17th, the first censorship notice which began using this as a reason for censoring plaintiff's magazines was given on Aug. 1st. Plaintiff did not have grounds to use this new category as a violation of his first amendment rights under Count I until it was applied to him, see <u>Vest v. Bossard</u>, 700 F.2d 600 (10th Cir. 1983), where a cause of action does not accrue until the happening of the last event to complete the cause of action.

Besides, plaintiff could not have attempted to add this to his complaint due to this court's order of July 18th prohibiting him from further filings until the screening process was completed. He would have had insufficient time to file anything.

<u>Discussion of IMPP 12-127D, III.</u>

As plaintiff established, all his publications

2.

were being received and subscribed to prior to April 1st, 2025. This was before IMPP 12-127D, III, started being used to censor them on Aug 1st. This policy is not stated as being retroactive. As such ex post facto should apply to disallow this policy being used now to censor existing subscriptions prior to it's implementation date of July 15th.

 This court in <u>Perkins v. Kan. Dep't of Corr</u> in 2004, gave an analysis of ex post facto. IMPP 12-127D, III, falls under that analysis that it assigns more disadvantageous consequences prohibiting plaintiff's magazines now than was in effect when he was allowed to subscribe to them under the policy in effect prior to April 1st and July 15, 2025. As such he should still be allowed to have the current publications under ex post facto.

 IMPP 12-127D, III, also will effect free material which can be had. Current policy allows for in-cell handicraft. Supplies to accomodate this privilege are allowed to be ordered through outside providers such as Blick Art Materials, Triarco and Nasco. These providers have free catalogs to order materials out of. However, under IMPP 12-127D, III, these catalogs will no longer be allowed into the facility. Plaintiff orders regularly from Blick Art Materials and has for years.

3.

The KDOC created a liberty interest in allowing in-cell handicraft privileges. No longer being able to acquire catalogs to continue ordering supplies effectively interferes with the liberty interest in force. To plaintiff's knowlege, none of the "approved vendors" offer a means to acquire future catalogs to be able to order supplies to continue in artistic endeavors.

Ex post facto should encompass being able to acquire future catalogs from those suppliers that were previously approved prior to July 15, 2025.

Count II:

In Count II, plaintiff complained his correspondence with his son, in particular, was being stopped and interfered with. Letters on May 23rd, 26th, June 3rd and 6th were never received by plaintiff's son Corey Woodward. No censorship notices were issued for any of these letters.

After June 9th, 2025, plaintiff ceased writing letters to Corey. That is until October.

Discussion of new developments:

To ascertain if plaintiff's outgoing mail was still being interfered with, he wrote and posted three more letters to Corey Woodward in Arlanta Texas. These were on Oct. 6th, 13th and 20th. Corey did not receive any of these nor

4

were any censorship notices issued as required by 44-12-601. So, it appears that plaintiff's mail to outsiders is still being stopped from leaving the facility.

Plaintiff has learned from defendant's "Martinez Report" that for some unknown reason he is on the "read list" for outgoing mail. No reason is given for this which is not common or a normal policy. Usually exceptional circumstances are required to resort to this.

If his outgoing mail is being opened and read but not allowed to leave the facility, a censorship notice is required under the 14th amendment due process clause to allow for protests by plaintiff.

It has long been established plaintiff has a First amendment right to correspond with outsiders, also a qualified liberty interest under the Fourteenth amendment of the U.S. Constitution, Treff v. Galetka, 74 F.3d 191 (10th Cir. 1996). It is apparent the defendants are continuing to violate these rights.

Conclusion:

May the court add these latest developments to the appropriate sections of plaintiff's amended complaint and consider the arguments herein to supplement those already in place. As this situation continues, other violations and continued violations

5.

already undertaken are doing irreparable harm and financial loss not anticipated when the amended complaint was filed.

Plaintiff paid for the subscriptions for the magazines affected by the censorships now being encountered. Many of these will be lost or no longer viable, some publishers will cease sending them due to the censorships. The issues of TV Guide and TV Weekly are of no use after the issues for program listings are expired.

Plaintiff asks the court to supplement his Relief to include reimbursement for any publications lost, destroyed or of no longer valid due to time restraints. This will have to be computed at the close of this proceedings.

Respectfully Submitted
David L. Woodward

Certificate of Service

I, David L. Woodward, do hereby certify I submitted this Supplemental Pleading to the Unit Team of A8 pod to be delivered to the Law Library for efiling to the Clerk, U.S. Dist. Court for Kansas on this 19th day of 2025.

David L. Woodward

6.

LCF Correctional Facility
Notice of Mail Censorship

**Exhibit 1**

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

Date of Notice: 9/9/2025      Submit protest by: 9/30/2025      Destroy Date: 12/9/2025

Addressee:   Woodward, D          55044        A8-119
             (Inmate Name)        (KDOC #)     (Housing Unit)

Sender:  Name:           TV Guide
         Address:        PO Box 37360
         City, State, Zip: Boone, IA 50037

has been censored (☑ in whole / ☐ in part). The grounds for this censorship are the reasonable belief that:

☑ The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

   ☐ Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband as described in KAR 44-12-903.
   ☐ Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
   ☐ Contains Sexually Explicit Materials as described in KAR 22-12-313
   ☐ Role-Playing Material (as ordered by the Secretary & his administration).
   ☐ Contains Contraband as described in KAR 44-12-902
      ☐ Postage stamps       ☐ Third-Party Communication    ☐ Blank Sheets of Paper/Envelopes
      ☐ Penpal Program       ☐ Commercial Photo             ☐ Oversized Item (Card, paper, etc.)
      ☐ Map                  ☐ Lipstick/Perfume             ☐ Promotes Illegal Activity
      ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
      ☑ Other Unauthorized Object: Not ordered through new 12-127D guidelines

☑ Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)].

   ☐ Addressed to a person who has filed an objection to receiving correspondence from you.
   ☐ Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.
   ☑ Unauthorized images of a person under the age of 18 years old KAR 44-12-601.

☐ The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐ The mail is unauthorized correspondence between offenders, including a former inmate [KAR 44-12-601 (d)(1)(D)].

   ☐ Included correspondence ( ☐From / ☐To) a third party.

☑ The censored material/item is:

   ☑ Being held in the facility mailroom pending disposition and/or protest instructions.
   ☐ Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or criminal prosecution and disposition and/or protest instructions.
   ☐ Bodily substance or biohazard material has been destroyed.

The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above. <u>If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).</u>

B. Hart                                    [signature]                           9/9/2025
(Printed Name of Person Issuing Censorship Notice)   (Signature of Person Issuing Censorship Notice)   (Date)

11

Exhibit 2.

# LCF Correctional Facility
## Notice of Mail Censorship

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 10/1/2025                                **Submit Protest By:** 10/22/2025

| Addressee: | Woodward, David | 2000025235 | A8-119 |
|---|---|---|---|
| | (Inmate Name) | (KDOC #) | (Housing Unit) |

**Sender Name:** TV Weekly Magazine
**Address:** 213 Park DR.
**City, State, Zip:** Troy, MI 48083

has been censored ([X] in whole / [ ] in part). The grounds for this censorship are the reasonable belief that:

[X] The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

- [X] Per IMPP 12-127D, publications must come from an approved vendor.
- [ ] Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
- [ ] Contains Sexually Explicit Materials as described in KAR 22-12-313
- [ ] Role-Playing Material (as ordered by the Secretary & his administration).
- [ ] Contains Contraband as described in KAR 44-12-902
  - [ ] Postage stamps    [ ] Third-Party Communication    [ ] Blank Sheets of Paper/Envelopes
  - [ ] Penpal Program    [ ] Commercial Photo              [ ] Oversized Item (Card, paper, etc.)
  - [ ] Map               [ ] Lipstick/Perfume              [ ] Promotes Illegal Activity
  - [ ] Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___ oz.
  - [X] Other Unauthorized Object: Not ordered through provisions in 12-127D

[ ] Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)].

- [ ] Addressed to a person who has filed an objection to receiving correspondence from you.
- [ ] Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.
- [ ] Unauthorized images of a person under the age of 18 years old KAR 44-12-601.

[ ] The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

[ ] The mail is unauthorized correspondence between offenders, including a former inmate [KAR 44-12-601 (d)(1)(D)].

- [ ] Included correspondence ( [ ] From / [ ] To) a third party.

[X] The censored material/item is:

- [X] Being held in the facility mailroom pending disposition and/or protest instructions.
- [ ] Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or criminal prosecution and disposition and/or protest instructions.
- [ ] Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above. If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).**

C. Kincaid                                    [signature]                    10/1/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)