David L. Woodward 2000025235
Name

301 E. Kansas Ave. P.O. Box 2

Lansing, KS 66043
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID L. WOODWARD, Plantiff<br>*(Full Name)*<br>JESSE HOWES, V. DARCIE HOLTHAUS,<br>LESLIE WEST, JENNIFER CROUSE,<br>R. Wedel, B. Hart and, Defendant (s)<br>C. Kincaid | CASE NO. **25-3110-JWL**<br>*(To be supplied by the Clerk)*<br><br>SECOND AMENDED<br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C.<br>§1983 |

## A. JURISDICTION

1) David L. Woodward, is a citizen of Kansas
    *(Plaintiff)*                              *(State)*

who presently resides at Lansing Corr. Fac. P.O. Box 2
                                              *(Mailing address or place*
Lansing, KS 66043                          .
*of confinement.)*

2) Defendant Jesse Howes                               is a citizen of
              *(Name of first defendant)*

Lansing KS                                , and is employed as
          *(City, State)*

Warden Lansing Corr. Fac at time of violations. At the time the
              *(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

Did in his personal and official capacity deprive plaintiff of
his 1st and 14th amend. rights by authorizing censorship of incoming
and outgoing mail.

XE-2 8/82            CIVIL RIGHTS COMPLAINT §1983            1

3) Defendant _Darcie Holthaus_ is a citizen of
(Name of second defendant)

_Topeka, KS_, and is employed as
(City, state)

_CMII of the Kansas Dept. of Corrections_. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [X] No [ ] . If your answer is "Yes", briefly explain:

_Did in her personal and official capacity deprived plaintiff_

_of magazines and publications in violation of 1st & 14th amends._

_by ordering suspention of delivery and censorship of same._
(Use the additional pages to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

_also Title 28 USCS 1343(a); 42 USCS 1985 and United States_

_Constitution, Amend. I and XIV ._

## B.  NATURE OF THE CASE

1) Briefly state the background of your case:

_On April 1st, 2025, all publications, magazines, religious materials_

_stopped being delivered to me. This has continued to present._

_This was by order of Jesse Howes and Darcie Holthaus. Also_

_incoming and outgoing letters have been censored or not sent_

_to outside parties or received by me since May 23rd, 2025._

_Two regulations, 44-12-601 and 44-12-313 as being applied_

_in plaintiff's capacity are alleged as being unConstitutional_

_violating 1st and 14th amend rights. as regarding outgoing mail_

_being sent out to outsiders._

# ADDITIONAL DEFENDANTS FROM PAGE 2

Defendant Leslie West is a citizen of Lansing, KS and is employed as an ISA at Lansing Corr. Fac. At the time the claims alleged in this complaint arose, this defendant was acting under the color of state law to wit: She directly deprived plaintiff of his 1st amend. rights in her personal and official capacity through preventing outgoing mail to reach it's intended destination.

Defendant Jennifer Crouse is a citizen of Lansing, KS. and is employed as an Administrative Assistant at Lansing Corr. Fac. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law to wit: In her personal and official capacity deprived plaintiff of his 1st and 14th amend. rights through censorship of both incoming and outgoing mail

Defendant R. Wedel is a citizen of Lansing, KS. and is employed as a Mail Clerk at Lansing Corr. Fac. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law to wit: Defendant deprived plaintiff of his 1st and 14th amend. rights in their personal and official capacity by censorship of mail.

Defendant B. Harr is a citizen of Lansing, KS. and is employed as a mail clerk at Lansing Corr. Fac. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law to wit: In their personal and official capacity deprived plaintiff of his 1st and 14th amend. rights by mail censorship.

2a

ADDITIONAL DEFENDANTS CONTINUED FROM PAGE 2

Defendant C. Kincaid is a citizen of Lansing, KS. and is employed as a mail clerk at Lansing Corr. Fac. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law to wit: In their personal and official capacity deprived plaintiff of his 1st and 14th amend. rights by mail censorship.

2b

### C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Violation of 1st amendment rights to access information and exercise my right to freedom of worship through deprivation of publications and magazines - Censorship

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

On April 1st, 2025, all publications and magazines ceased being delivered to plaintiff. Plaintiff inquired of a Unit Team Supervisor Speer as to the reason. She stated the Warden, Jesse Howes and a Compact Administrator (CM II Darcie Holthaus), had permanently suspended all publications from me. (continued on separate pages)

B) (1) Count II: Violation of 1st and 14th amendment rights to excercise my right to correspond with outsiders by mail by unnecessary censorship.

(2) Supporting Facts: On 5/23/25, two letters addressed to Corey Woodward were censored preventing delivery to him. Assumed opened by J. Crouse in the Lansing Corr. Fac. mail room. Since that time, up to six additional letters have been intercepted.
(continued on separate pages)

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

3

# From C. Cause of Action (Continued)

## Supporting Facts for Count I (continued from page 3):

On May 3rd, 2025, mail censorship notices started for all publications stating they were a threat to public officials or the general public and that I was having correspondence with persons under 18 years old. Later notices changed to include unauthorized pictures and images of persons under the age of 18 years old. Around Aug. 1st, 2025, the reasons for censorship changed again to include a policy implemented on July 15, 2025, in that all books and magazines had to be ordered through an approved vendor, citing Internal Management Policy and Procedure (IMPP) 12-127 □ These notices were issued by Jennifer Crouse, R. Wedel, B. Hart and C. Kincaid. According to a Unit Team Supervisor Speer, Jesse Howes and Darcie Holthaus had issued orders to suspend delivery of all publications effective April 1st, 2025. This was to be permanent and have received no more since.

## Supporting Facts for Count II (continued from page 3):

It has been learned from Leslie West all my outgoing mail is on a "readable list" for an unspecified reason. She herself intercepted two letters addressed to Corey Woodward, my son, and prevented them from being delivered to him by the U.S. Postal Service. These were the letters on May 23rd. Since then, letters posted on May 26th, June 3rd, June 6th, Oct. 6th, Oct. 13th and Oct. 20th, 2025 to be mailed to Corey Woodward in Atlanta, TX failed to reach him. It is reasonably believed that my outgoing mail is being stopped by Jennifer Crouse, R. Wedel, B. Hart, C. Kincaid and Leslie West.

## Supporting Facts for Count III (continued from page 4)

Although the letters themselves were of a business and personal nature, there were partial stories which were

3b

From C. Cause of Action (Continued)

Supporting Facts for Count III (continued from 3b)

claimed written by plaintiff. The reason for censorship
was that the stories were sexually explicit. Regulation
44-12-601 provides that mail that contains sexually
explicit material may be censored. This is determined by
44-12-313 which defines what sexually explicit material is.
Plaintiff is challenging these regulations on the grounds
that they should not apply to outgoing mail as they violate
his 1st amendment rights to freedom of speech and his
14th amendment liberty interests. That the letters were
wrongfully censored for the foregoing reason preventing
their delivery to the intended addressee. That they
should have been allowed to continue to their
intended destination regardless of content, sexually
explicit or not. Letters in the free world are not
censored or interfered with for the reasons used to
censor and stop plaintiff's mail from reaching their
intended recipient. In a equal manner plaintiff mail
should also be allowed to reach their intended recipient in
the free world

C) (1) Count III: Two regulations, 44-12-601 and 44-12-313, as are being applied to plaintiff, have violated his 1st and 14th amend. rights under the U.S. Constitution

(2) Supporting Facts: On May 23rd, 2025, Two letters addressed to plaintiff's son, Corey Woodward in Atlanta Tx, were opened by Jennifer Crouse and censored. The contents were given to Leslie West who prevented their delivery.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

    Plaintiffs: David L. Woodward

    Defendants: Jeff Zmuda, Jesse Howes, Holly Shaw, U.T. Mgr. Keon, U.T. Supvr. Speer, U.T. Cleaver, U.T. Mgr Pod B6 and 2 Unnamed Officers Pod B6
    b) Name of court and docket number

    U.S. Dist. Court for Kansas   25cv 3252 JWL

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Still Pending

    d) Issues raised Eighth and Fourteenth Amendment violations Failure To Protect Plaintiff, Mistreatment, and loss of property

e) Approximate date of filing lawsuit ___Nov. 20, 2025___

f) Approximate date of disposition ___Still Pending___

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐ . If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

Relief has been sought through protests of the censorship notices all denied. No censorship notices issued on Letters to Corey Woodward in order to protest these.

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: Any and all that justice requires; Declaratory Relief in that all publications be delivered to me without being censored for reasons given. That my outgoing mail cease being stopped and allowed to reach the intended addressee and that the contents therein not be censored unless necessary to prevent security risks. Also reimbursement for magazines lost or no longer usable due to time restraints. Reimbursed for court costs.

_____                    _David M Woodward_
Signature of Attorney (if any)                         Signature of Plaintiff

_____

_____

_____
(Attorney's full address and telephone number)

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

## DAVID L. WOODWARD

### VS.
### JESSE HOWES, DARCIE HOLTHAUS
### LESLIE WEST, JENNIFER
### CROUSE, R. WEDEL, B. HART
### AND C. KINCAID

## CASE NO. 25 cv 3110 JWL

## MEMORANDUM IN SUPPORT OF
## CIVIL RIGHTS COMPLAINT PURSUANT
## TO 42 U.S.C. 1983

# MEMORANDUM

COMES NOW David L. Woodward plaintiff pro se in this matter before the court and herewith submits his Memorandum in support of the claims made in Counts I, II and III of his civil rights complaint now before the court.

"It has long been held that Federal courts <u>must</u> take cognizance of the valid constitutional claims of prison inmates. Prison walls do not form a barrier separating prison inmates from the protections of the Constitution. Because prisoners retain these rights, <u>when a prison regulation or practice offend a fundamental constitutional guarantee, federal courts must discharge their duty to protect constitutional rights</u>", <u>Turner v. Safley</u>, 482 U.S. 78 (1987) (emphasis added)

Included herein, the named defendants have invoked certain regulations to apply censorships to plaintiff's incoming mail in the form of magazines and publications. Also certain regulations to censor outgoing mail. Plaintiff hopes to show that these regulations should not be applied through the practices employed to deprive plaintiff of his 1st and 14th amendment rights under U.S. Constitution Amends I and <u>XIV</u>.

1

It was on April 1st, 2025, when suddenly the delivery of all of plaintiff's magazines ceased. He inquired of Unit Team Supervisor Speer as to why he was no longer receiving them. She responded that a Compact Administrator and the Wardens had permanently suspended delivery of them. (See in Appendix)

It wasn't until May 3rd, 2025, when Mail Censorship Notices began arriving, issued by J. Crouse, stating all the magazines posed a threat to public officials or the general public and that plaintiff was having unauthorized correspondence with persons under the age of 18 years old. Also unauthorized images of persons under 18 years old.

There were no specifies given as to how the magazines such as TV Guide, TV Weekly, US Weekly, People, ReMIND, ELLE, Harper's Bazaar, Cosmopolitan, Woman's Day, Town and Country, Discover and Amazing Facts (both religious publications) were a threat to anyone.

Plaintiff also questioned how a magazine could be considered corresponding with anyone? He looked up the word correspond in the Oxford New Desk Dictionary and Thesaurus, Third Edition July 2009. It was defined as 2. "exchange letter with". This was the common use of the term.

It appears then the reasons given for censorship are overly broad and sweeping, arbitrarily applied, and fanciful in nature. There is no possible threat in say TV program listings and plaintiff is not exchanging letters with minors.

2.

According to the Supreme Court in <u>Thornburgh v.</u>
<u>Abbott</u>, 490 U.S. 401 (1980):

"Publishers who wish to communicate with those who,
through subscription, willingly seek their point of view, have
a legitimate interest under the Federal Constitution's First
amendment in access to subscribers who are prisoners".

It should follow then that prisoners have an equal
interest in and right under the First amendment to view
and read the material from publishers.

Should not it also be apparent how important free
speech is to a free society, that the First amendment to
our Constitution provided for that. For a prisoner, otherwise
isolated from society, publications such as magazines convey
information not readily accessible through other mediums.

Neither should any of plaintiff's magazines remotely
involve any reasonable penological interest such as the security
of the prison environment or the safety of it's employees or
inmates housed therin. Defendant's offer no specific reason of this.

All the protests of the censorships have been sent to the
Secretary of Corrections, Jeff Zmuda, citing 1st amendment vio-
lations, that the reasons for censorship were arbitrary, fanciful
and absurd. The magazines are available to the general public
and are no threat. Also that plaintiff has been receiving them for
years while in prison, prior to Apr. 1st with no sanctions. Each of
his protests were returned denied. 16 examples are attached.

According to Unit Team Supervisor Speer, it was all of the
Wardens, i.e. Jessie Howes and Deputies Reece, Ball and

Skidmore, as well as a Compact Administrator who was believed to be CMII Wildermuth, who initiated the ban of the magazines. All of them combined together.

However, the identity of the CMII may have been disclosed in a letter plaintiff received on June 6th, 2025. It was backdated to May 13th and was from a Darcie Holthaus CMII Facility Management, Kansas Depr. of Corrections. The letter is attached for reference purposes.

In her letter she makes reference to a DR (Disciplinary Report) plaintiff received on April 2nd, 2025, stating he was making and possessing "child pornography". This is categorically incorrect. The actual DR was for only possessing sexually explicit material, not for "making" it. The report said the material appeared to have been made from magazine clippings. The term "child pornography" was not used in the DR.

The letter also stated because plaintiff is a "sex offender" without "overrides", he does not get to possess images or pictures of children. There is no court ordered basis for this restriction. His Journal Entry of Sentencing of 1991, does not impose this as part of his sentence or a sanction upon him. Just as the court of conviction does not deprive plaintiff of magazines even if they do contain pictures of children. Is the KDOC enhancing plaintiff's punishment beyond what a court of law imposed?

Defendant Holthaus goes on stating some unnamed "Sex Offender Specialist" was consulted to assess plaintiff's "lack of positive progress". He questions what "progress" is being referred to? He is NOT, NOR HAS HE EVER BEEN

4.

a part of any programs related to "sex offenses" in order to be measured for progress.

All this aside, it was a fact prior to April 1st, 2025, that plaintiff was receiving magazines without censorships for the reasons given, including since Aug. 1st, 2025, censorships now for Internal Management Policy and Procedure (IMPP) 12-127D. This new policy began on July 15th, 2025. It prohibits all publications into the facilities of the K.D.O.C. unless they have been ordered through three approved vendors.

Since plaintiff subscribed to all his current publications prior to April 1st and has been receiving them, ex post facto should be applicable to allow him to continue receiving them. This regardless of if they have pictures of persons under 18 years old in them, or been ordered through "approved" vendors.

This court in <u>Perkins v. Kan. Dep't of Corr</u> in 2004, gave an analysis of ex post facto, in that a new regulation that assigns more disadvantageous consequences prohibiting plaintiff's magazines now than was in effect when he was allowed to subscribe to them or receive them prior to April 1st and/or July 15th should be held invalid under the rule of ex post facto.

There is also a problem involving free publications such as catalogs and other written

material. Catalogs like from Blick Art Materials will also be prohibited under IMPP 12-127D. Plaintiff is allowed in cell handicraft privileges including drawing with colored pencils and other artistic endeavors. He has in the past been able to receive the Blick catalog to order art supplies.

By allowing the in cell handicraft, the K.D.O.C. created a liberty interest. Being denied the ability to order art supplies available through Blick's catalog now violates the liberty interest.

As with the magazines being received prior to April 1st and/or July 15th, the catalog from Blick should also be allowed in under ex post facto.

The mail censorship notices being issued on a continuing basis since May 3rd are being issued by Jennifer Crouse, R. Wedel, B. Hart and C. Kincaid. They have all employed the same reasons for censorship as has been outlined herein.

Plaintiff believes that these reasons violate his first amendment right to be able to receive and utilize these publications and his vested interest in that he paid for the subscriptions. There is a loss involved in the matter of the TV Guides and the TV Weekly. Content in these involve TV program listings for the day and time for a particular issue. After the days and times have elapsed, the issues are worthless, thus the price paid is lost.

6.

Count II encompasses the censorship of two particular letters on May 23rd, 2025. It also involves letters posted on May 26th and June 3, June 6th, Oct. 6th, 13th and 20th never received by the addressee, Corey Woodward, plaintiff's son.

Under a Durable Power of Attorney, Corey Woodward is named as plaintiff's Attorney-in-fact. As such he has unlimited power to act in plaintiff's behalf, as plaintiff's agent.

Section F of the P.O.A. appoints Corey to act as an agent to conduct any business venture that plaintiff may wish to engage in.

In plaintiff's May 23rd letters were parts of a short story plaintiff enclosed for Corey to edit, type up and submit for possible publication. The letters gave instructions for plaintiff's agent to do that. Corey is that agent.

Instead of reaching it's intended destination, Jennifer Crouse opened the letters, removed the contents and turned it over to Leslie West. She in turn prevented the letters and story from reaching Corey.

Regulation 44-12-601 provides for examining mail for contraband. It also requires any material censored be accompanied by a mail censorship

7.

notice to both the sender and recipient of the censored material.

Neither plaintiff nor Corey, the recipient, received any such notice the letters had been censored. In Pell v. Procunier, 417 U.S. 517 (1974) the Supreme Court stated that decisions to censor or withhold delivery of a particular letter must be accompanied by minimal procedural safeguards.

Although it is believed Pell refers to letters coming into a facility, it should equally apply to outgoing letters also. More fitting would be the application of Procurier v. Martinez, 416 U.S. 396 also in 1974:

"Communication by letter is not accomplished by the act of writing words on paper. Rather it is effected only when the letter is read by the addressee. Both parties to the correspondence have an interest in securing that result and censorship of the communication necessarily impinges on the interest of each. Whatever the status of a prisoner's claim to uncensored correspondence with an outsider, it is plain the latter's interest is grounded in the first amendment's guarantee of freedom of speech... for the addressee as well as the sender of direct personal correspondence, the right derives from the first and fourteenth amendment's protection against unjustified governmental interference with the intended communication. (Lamont v. Postmaster General, 381 U.S. 301 (1965)).

8.

Plaintiff later learned from a "Martinez Report" defendants supplied the court that he had been placed on a "readable mail list". No reason was given for this extraordinary practice.

The 10th Circuit echoed Procurier in Milones v. Williams, 691 F. 2d 931 (10th Cir. 1982) in stating a prisoner has the right to be free from censorship of correspondence because 1st Amendment rights do not terminate upon Institutionalization

The 10th Circuit reinforced Milones in Treff v. Graletka, 74 F. 3d 191 (10th Cir. 1996) stating:

"Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the first Amendment and a qualified liberty interest under the Fourteenth Amendment."

Defendants actions in censoring and interfering with plaintiff's correspondence and contents of his letters being censored violate the guarantee of his freedom of speech and a liberty interest in the contents reaching their intended destination. They must cease and desist.

Count III involves defendants Crouse and West's reason for censorship of plaintiff's letters and short story. It was said plaintiff short story was sexually explicit with graphic sexual content. Therefore he was not allowed to mail it out per 44-12-601 ban on

9.

sexually explicit material. For probable penological reasons, sexually explicit material as described by 44-12-313 could reasonably be prevented from coming into a facility. How could any penological reason prevent sexually explicit material in a fictional story from being mailed out?

Smith v. Arkansas State Highway Employees, 441 U.S. 463 (1979) states:

"The First Amendment protects the rights of an individual to speak freely, to advocate ideas... The government is prohibited from infringing upon these guarantees either by a general prohibition against certain forms of advocacy..."

Robert v. United States Jaycees, 468 U.S. 609 (1984) continues with:

"An individuals freedom to speak ... could not be vigorously protected from interference by the state unless a correlative freedom to engage in group effort toward those ends were not also guaranteed".

Plaintiff First amendment rights did not end when he was incarcerated at Lansing Correctional Facility. He retains the right of freedom of speech and expression. Plaintiff had the right to send the letter and story to Corey Woodward. Using 44-12-601 censorship of sexually explicit material to prevent this violates that right. See NAACP v. Button, 371 U.S. 415 (1963).

10.

"Regulatory measures, no matter how sophis-
ticated, <u>cannot</u> be employed in purpose or in
effect to stifle, penalize or curb the exercise of
rights under U.S. Const. amend 1. Broad prophylatic
rules in the area of free expression are suspect".
(emphasis added).

Most certainly defendant's use of 44-12-601
prohibition of sexually explicit material to stifle
and curb plaintiff's correspondence with Corey
and inclusion of the story therein interfered
with plaintiff's freedom of speech and first amendment.

Any regulation such as 44-12-601 which uses
this reason to violate the first amendment has to
be unconstitutional. If the story material had
pertained to the security of the facility or safety
of staff and residents, there would be a penological
reason to censor it. It did not.

Plaintiff challenges 44-12-313 for violations
of the 1st and 14th amendments. It meets the
criteria of a broad prophylatic rule prohibiting
free expression in the areas of virtual creativity
in drawing and writing about anything that involves
sexual expression. It is sophisticated in that it
prohibits possession of sexually explicit material,
which in turn would prohibit virtual creations in
artful endeavors and writing about sexual experiences.
To write or create virtual art involving sex one would
have to possess the material. That in turn prohibits

11.

freedom of speech and or expression. in creating it.

44-12-313 also penalizes for possession of sexually explicit material. However it does so in an unequal manner violating the equal rights clause of the 14th amendment. There are two levels of punishment for possessing sexually explicit material. In the KDOC, a level 1 or class 1 violation is equivalent to a "felony". A class 2 violation is equivalent to a "misdemeanor".

If an inmate has been convicted of a sex offence and violates 44-12-313, he is charged as a class 1 violation. Otherwise non-sex offenders are charged as a class 2 violation.

Equal protection is discussed in <u>Perkins v. Kan. Dept. of Corrections.</u> That to state an equal protection claim, one must show that because of a suspect classification that they are treated differently from other inmates. Certainly enhancing punishment simply because one has been classified as a "sex offender" is remarkably different treatment from those who have no sexual offenses. Sexually explicit material is the same for both, the punishment should also be the same.

For penological purposes, we have real vs. virtual. One might complain about sexual explicity when it involves real people exhibiting sexually explicit behavior. However when the sexual explicity involves virtual or

12

fictional drawings or writing, this jumps from reality to fantasy and is a right of free speech or expression under the First amendment.

We also have legal implications. Plaintiff while doing legal research in the prison law library saw cases involving those convicted of various sex offenses. In these cases, the victim would, or the court transcripts would, give graphic descriptions and details of the offense committed. To possess copies of these cases for reference purposes would violate 44-12-313 for all inmates.

This should qualify in making 44-12-313 overly broad in it's application. It would also inhibit inmates from using these cases to formulate argumentation in motions and appeals, by writing them out and possessing them.

Equal protection under the laws also involves what persons in the free world may possess verses what a prisoner may possess. Some items such as weapons have a penological reason in prohibition for prisoners. However what penological reason could be given for possession of photo's, drawings and writing containing sexually explicit material that is allowed persons not incarcerated?

As has been stated, prison walls do not separate a prisoner from the rights secured by the Constitution. No penological reason is given for the emplimentation of 44-12-601 and 44-12-313 other than they just exist.

13.

In plaintiff's case, the story that was intercepted, censored and seized preventing it, and the letters also, from reaching Corey were deemed sexually explicit. Under the definitions in 44-12-313 it would be.

However, the other letters which also did not reach Corey, six others not counting the first two, did not contain any sexually explicit material. Why then were they stopped and interfered with? No censorship notices were given for any of the eight letters.

Plaintiff writes a variety of material. He composes poetry and has been published in this regard. He also writes commentaries on such subjects as religion, politics, world affairs, philosophy, human nature and any other subjects of interest, besides, sexuality.

The other six letters contained such material that plaintiff sent to his agent, Corey Woodward, for possible publication. The defendants, Jennifer Crouse, R. Wedel, B. Hart, C. Kincaid in the LCF mail room and Leslie West prevented this material from reaching Corey by the U.S. Mail.

How does plaintiff know this? From their own Martinez Report defendants state plaintiff's mail has been put on a "readable list" now for some ungiven reason. This applies to outgoing mail. To be on a "readable list", this is an extraordinary practice that is rarely employed. So this is proof his mail is being interfered with.

14.

The 14th amendment's equal rights clause also encompasses the 1st amendment freedom of speech aspects under an author's freedom to write whatever he pleases, even that of advocating against the government of the United States.

In a prison environment, what an inmate may speak or write is being controlled by regulations. If an author on the streets in the free world desires to write graphic sexually explicit material and have it published, he is free to do so. Attempt by various sources has attempted to legislate against pornography in the adult sector and time and again the U.S. Supreme Court has declared such legislation as unConstitutional. This is real action by real people performing even sexual intercourse on video.

However plaintiff is not indulging in reality, but fantasy. Same as an author in the free world is free to write on subjects, even sexually explicit ones, plaintiff should not be prohibited, under equal rights, from doing so because a regulation in prison forbids it. A government interest in such cases must be unrelated to the suppression of free expression under the First amendment, see in Procurrier v. Martinez, supra.

It is understood courts allow deference to prison's authorities a wide latitude in the security of their facilities and rightfully

15.

so, this does not however prevent a federal court from reviewing prison regulations that have nothing to do with the security and safety of preventing escapes, riots, assaults, killings, theft, and so on, that would be of specific penological interests, see in Jacklovich v. Simmons, 392 F. 3d 420 (10th Cir. 2004).

    Plaintiff herein is claiming that he had a 1st amendment right to not only send the story, censored and seized by Jennifer Crouse and Leslie West, to Corey Woodward for possible publication; but also the right to write it under the 1st and 14th amendment rights of free speech and equal rights, as other authors in the free world do. The defendant's stopped this by use of 44-12-601 and 44-12-313. The material in the letter or story had nothing involving penological concerns about Lansing Correctional Facility or the Kansas Dept. of Corrections security and safety thereof.

    Therefore their use of 44-12-601 and 44-12-313 to prevent the above is being claimed unConstitutional and in violation of the 1st and 14th amendment rights of plaintiff. For these reasons as stated, the two letters of May 23rd and their contents should not have been censored and prevented from reaching the addressee, Corey Woodward

16

On November 18, 2025, on a form provided by the Postmaster General in Washington D.C., plaintiff filed a formal complaint hopefully to launch an investigation into the interference in processing the outgoing letters of May 26, June 3rd and 6th, Oct. 6th, 13th and 20th which were never received by Corey Woodward. These letters were in stamped sealed envelopes posted at the Lansing Correctional Facility.

Since as stated before, Leslie West stated that all of plaintiff's outgoing mail is on a "readable list", which means it is being opened and read before it leaves the facility. Apparently it never proceeds beyond this to be sent on through the U.S. Postal Service.

Plaintiff has no way of knowing if his official mail complaint to the Postmaster General even made it out of the facility, since none of his personal mail does?

There is nothing in his personal mail worthy of note to be censored since none of the other letters contained "sexually explicit" material. As he has also stated, no censorship notices on the letters, even those of May 23rd, have been issued as is required by 44-12-601. It appears defendants are just arbitrarily applying it.

17.

In conclusion, herein plaintiff has claimed that prison regulations, policy and actions used for different censorship purposes have violated his first amendment rights to receive publications and that of correspondence and free speech and his liberty interests to the same.

Now as to plaintiff's liberty interests in these cases, they arose by regulations, policies and actions by defendants in using these to inhibit or prevent his 1st amendment rights, as guaranteed by the use of the word "liberty" in the Constitution, in connection with the first amendments guarantee of freedom of speech and expression, see in Estate of DiMarco v. Wyo Dep't of Corr., 473 F.3d 1334 (10th Cir. 2007).

Plaintiff had a liberty interest in every case complained of and equal rights to enjoy these interests. To prevent this violates the 14th amendment guarantees of our U.S. Constitution, as well as the 1st amendment rights, free speech.

THEREFORE, if the court finds in plaintiff's favor, he prays it grant the relief requested in his complaint or any other relief that meets the requirement of justice under the Constitution of the United States and it's Amendments.

Respectfully Submitted

David L. Woodward

18.

CERTIFICATE OF SERVICE

I, David L. Woodward do hereby certify I submitted the proposed Second Amended Civil Rights Complaint and Memorandum is Support thereof to the Unit Team of pod A8 on Dec. 1ST, 2025, to be transported to the Leew Library of Lansing Corr. Fac, Lansing, KS, for eFiling to the Clerk, U.S. Dist. Court for Kansas.

David L Woodward

19

# APPENDIX

LISTING OF EXHIBITS                              From Page

  Inmate Requests To U.T.S. Speer (2 pgs)        2 & 3

Mail Censorship Notices Received

     Numbered 1-16 (plus letter from MIM)           3

  Letter From Darcie Holthaus (MII               4

  Journal Entry of Sentencing (3 pages), and      4

    Affidavit of David L. Woodward

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_Woodward_
**Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

55044
**Number**

## INMATE REQUEST TO STAFF MEMBER

To: UTS Speer _____ Date: 4/15/25
**(Name and Title of Officer or Department)**
State completely but briefly the problem on which you desire assistance. (Be specific.)

The mail room said to contact you as to why I'm being deprived of my US Weekly, People magazine and National Enquirer. I suspect why and you have no legal right to do so because of a write up. I give notice you are violating my 1st amendment constitutional rights. None of these three publications contain any material prohibited by KDOC. Your belief otherwise is not grounds enough! First I was assaulted and robbed of my TV, fan and game player in B6 because of lack of security. A loss of over $400 to me.

Work Assignment: _____ Living Unit Assignment: A4-103

Comment: I was victimized because of ____ Detail or C.H. Officer: _____
negligence by staff. Then for protection I sought out pc. Handcuffed and

Disposition: thrown into seg. with nothing now for two weeks. Victimized again! Now you are going to deprive me of magazines I paid $100's for because of a bullshit wrote up? Violating my right to disseminate information. Victimizing me a third time. I believe it's time to file a lawsuit for elder abuse and cruel and unusual punishment plus 1st amendment violations as well.

To: _____ Date: _____
**(Name & Number)**

Disposition: I AM NOT DEPRIVING YOU OF ANYTHING. THIS DECISION WAS MADE BY CMII COMPACT ADMINISTRATOR AND THE WARDENS.

_____
Employee's Signature

**To be returned to inmate.**

P-0009

INMATE REQUEST TO STAFF MEMBER

To: _UTS Speer_____     Date: _4/21/25_____
    (Name and Title of Officer or Department)

_____
    Unit Team, Detail, or Cellhouse Officer's Signature     **To be retained by inmate**

                    EXHIBIT THREE

Form 9                                    _Woodward_____
For Cellhouse Transfer                         **Last Name Only**
Work Assignment _____
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**          _55044_____
                                            **Number**
**INMATE REQUEST TO STAFF MEMBER**

To: _UTS Speer_____    Date: _4/21/25___
    (Name and Title of Officer or Department)
    State completely but briefly the problem on which you desire assistance. (Be specific.)

① How much longer until I'm hold-over OSR status?

② You have not advised what happened to my TV order of 4/14/25. Once I've obtained OSR status, will that order be submitted OR will I have to submit a new order? I do not wish to duplicate a $311+ purchase!

③ I'm still not receiving all my magazines

Work Assignment: _____     Living Unit Assignment: _A4-103_

Comment: I have contacted my civil attorney    Detail or C.H. Officer: _____
reference the magazines. I have a vested interest having paid almost $300 in subscription fees.

Disposition: _____
_____
_____
_____

To: _____     Date: _____
        (Name & Number)

Disposition: At this time it doesn't look like your SPD has been processed yet. As for your magazine subscriptions it is my understanding per KDOC Compact Administrator you are permenently suspended from receiving anymore magazines.

_UTS Speer_____
    Employee's Signature              **To be returned to inmate.**

P-0009

LCF Correctional Facility
Notice of Mail Censorship
( Two Sided )

*Exhibit NMC 1*
*(Side one)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/2/2025          **Submit protest by: 5/13/2025**          **Destroy Date: 8/4/2025**

Addressee:     David Woodward   55044      A4-103
               (Inmate Name) (KDOC #) (Housing Unit)

RECEIVED

MAY 12 2025

DOC Facility Management Area

Sender:  Name:              TV Guide
         Address:
         City, State, Zip

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐   The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☐   Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
        as described in KAR 44-12-903.
    ☐   Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
    ☐   Contains Sexually Explicit Materials as described in KAR 22-12-313
    ☐   Contains Contraband as described in KAR 44-12-902
        ☐  Postage stamps        ☐ Stickers/Adhesive Labels     ☐ Blank Sheets of Paper/envelops
        ☐  Oversized Card        ☐ Oversized Photographs        ☐ Polaroid Photographs
        ☐  Battery in Card       ☐ Laminations/stickers         ☐ Padded/corrugated envelops
        ☐  Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
        ☐  Other Unauthorized Object:

☒   Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

    ☐   Addressed to a person who has filed an objection to receiving correspondence from you.
    ☒   Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐   The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐   The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

    ☐   Included correspondence ( ☐ From / ☐ To) a third party.

☒   The censored material/item is:

    ☒   Being held in the facility mailroom pending disposition and/or protest instructions.
    ☐   Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
        criminal prosecution and disposition and/or protest instructions.
    ☐   Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                              5/2/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)

LCF Correctional Facility
Notice of Mail Censorship
(Two sided)

Exhibit NMC2
(side one)

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/5/2025          **Submit protest by:** 5/14/2025          **Destroy Date:** 8/5/2025

Addressee:    David Woodward    55044        A4-103
              (Inmate Name) (KDOC #) (Housing Unit)

RECEIVED

MAY 12 2025

Sender: Name:          TV Weekly
        Address:
        City, State, Zip                              DOC Facility Management Area

has been censored ([X] in whole / [ ] in part).  The grounds for this censorship are the reasonable belief that:

[ ]    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

        [ ]    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
              as described in KAR 44-12-903.
        [ ]    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
        [ ]    Contains Sexually Explicit Materials as described in KAR 22-12-313
        [ ]    Contains Contraband as described in KAR 44-12-902
              [ ]  Postage stamps        [ ] Stickers/Adhesive Labels        [ ] Blank Sheets of Paper/envelops
              [ ]  Oversized Card        [ ] Oversized Photographs          [ ] Polaroid Photographs
              [ ]  Battery in Card       [ ] Laminations/stickers           [ ] Padded/corrugated envelops
              [ ]  Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
              [ ]  Other Unauthorized Object:

[X]    Mail that poses a threat to the safety and security of public officials or the general public
        [KAR 44-12-601 (d)(1)(B)].

        [ ]    Addressed to a person who has filed an objection to receiving correspondence from you.
        [X]    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

[ ]    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

[ ]    The mail is unauthorized correspondence between offenders, including a former inmate
        [KAR 44-12-601 (d)(1)(D)].

        [ ]    Included correspondence ( [ ] From / [ ] To) a third party.

[X]    The censored material/item is:

        [X]    Being held in the facility mailroom pending disposition and/or protest instructions.
        [ ]    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
              criminal prosecution and disposition and/or protest instructions.
        [ ]    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                      5/5/2025
(Printed Name of Person Issuing Censorship Notice)          (Signature of Person Issuing Censorship Notice)          (Date)

LCF Correctional Facility
Notice of Mail Censorship
( Two Sided )

*Exhibit NMC 3
(side one)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/2/2025          **Submit protest by: 5/13/2025**          **Destroy Date: 8/4/2025**

Addressee:     David Woodward    55044      A4-103                    **RECEIVED**
               (Inmate Name) (KDOC #) (Housing Unit)

                                                                       MAY 12 2025

Sender: Name:          US Weekly                          DOC Facility Management Area
        Address:
        City, State, Zip

has been censored (☒ in whole /☐ in part).  The grounds for this censorship are the reasonable belief that:

☐     The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

      ☐     Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
            as described in KAR 44-12-903.
      ☐     Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
      ☐     Contains Sexually Explicit Materials as described in KAR 22-12-313
      ☐     Contains Contraband as described in KAR 44-12-902
            ☐     Postage stamps        ☐   Stickers/Adhesive Labels   ☐   Blank Sheets of Paper/envelops
            ☐     Oversized Card        ☐   Oversized Photographs      ☐   Polaroid Photographs
            ☐     Battery in Card       ☐   Laminations/stickers       ☐   Padded/corrugated envelops
            ☐     Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
            ☐     Other Unauthorized Object:

☒     Mail that poses a threat to the safety and security of public officials or the general public
      [KAR 44-12-601 (d)(1)(B)].

      ☐     Addressed to a person who has filed an objection to receiving correspondence from you.
      ☒     Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐     The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐     The mail is unauthorized correspondence between offenders, including a former inmate
      [KAR 44-12-601 (d)(1)(D)].

      ☐     Included correspondence ( ☐ From /☐ To) a third party.

☒     The censored material/item is:

      ☒     Being held in the facility mailroom pending disposition and/or protest instructions.
      ☐     Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
            criminal prosecution and disposition and/or protest instructions.
      ☐     Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                        5/2/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)

LCF Correctional Facility
Notice of Mail Censorship
( Two SIDED )

Exhibit NMC 4
( Side 1 )

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/2/2025          **Submit protest by:** 5/13/2025          **Destroy Date:** 8/4/2025

RECEIVED

MAY 12 2025

**Addressee:**     David Woodward     55044     A4-103
                   (Inmate Name) (KDOC #) (Housing Unit)

DOC Facility Management Area

**Sender: Name:**          People
**Address:**
**City, State, Zip**

has been censored ([X] in whole / [ ] in part).  The grounds for this censorship are the reasonable belief that:

[ ]     The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

        [ ]     Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
             as described in KAR 44-12-903.
        [ ]     Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
        [ ]     Contains Sexually Explicit Materials as described in KAR 22-12-313
        [ ]     Contains Contraband as described in KAR 44-12-902

| | | |
|---|---|---|
| [ ] Postage stamps | [ ] Stickers/Adhesive Labels | [ ] Blank Sheets of Paper/envelops |
| [ ] Oversized Card | [ ] Oversized Photographs | [ ] Polaroid Photographs |
| [ ] Battery in Card | [ ] Laminations/stickers | [ ] Padded/corrugated envelops |

        [ ]     Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
        [ ]     Other Unauthorized Object:

[X]     Mail that poses a threat to the safety and security of public officials or the general public
        [KAR 44-12-601 (d)(1)(B)].

        [ ]     Addressed to a person who has filed an objection to receiving correspondence from you.
        [X]     Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

[ ]     The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

[ ]     The mail is unauthorized correspondence between offenders, including a former inmate
        [KAR 44-12-601 (d)(1)(D)].

        [ ]     Included correspondence ( [ ] From / [ ] To) a third party.

[X]     The censored material/item is:

        [X]     Being held in the facility mailroom pending disposition and/or protest instructions.
        [ ]     Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
             criminal prosecution and disposition and/or protest instructions.
        [ ]     Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                                                          5/2/2025
(Printed Name of Person Issuing Censorship Notice)          (Signature of Person Issuing Censorship Notice)          (Date)

LCF Correctional Facility
Notice of Mail Censorship
(Two sided)

Exhibit NMC 5
(side one)

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/5/2025          **Submit protest by:** 5/14/2025          **Destroy Date:** 8/5/2025

Addressee:    David Woodward    55044        A4-103
              (Inmate Name) (KDOC #) (Housing Unit)

**RECEIVED**

MAY 12 2025

Sender:  Name:           Elle
         Address:
         City, State, Zip

DOC Facility Management Area

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐   The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

   ☐   Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
       as described in KAR 44-12-903.
   ☐   Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
   ☐   Contains Sexually Explicit Materials as described in KAR 22-12-313
   ☐   Contains Contraband as described in KAR 44-12-902
      ☐   Postage stamps          ☐ Stickers/Adhesive Labels        ☐ Blank Sheets of Paper/envelops
      ☐   Oversized Card          ☐ Oversized Photographs           ☐ Polaroid Photographs
      ☐   Battery in Card         ☐ Laminations/stickers            ☐ Padded/corrugated envelops
      ☐   Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
      ☐   Other Unauthorized Object:

☒   Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

   ☐   Addressed to a person who has filed an objection to receiving correspondence from you.
   ☒   Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐   The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐   The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

   ☐   Included correspondence ( ☐ From / ☐ To) a third party.

☒   The censored material/item is:

   ☒   Being held in the facility mailroom pending disposition and/or protest instructions.
   ☐   Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
       criminal prosecution and disposition and/or protest instructions.
   ☐   Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                              5/5/2025
(Printed Name of Person Issuing Censorship Notice)      (Signature of Person Issuing Censorship Notice)        (Date)

LCF Correctional Facility
Notice of Mail Censorship
(Two Sided)

*Exhibit NME 6 (side one)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/5/2025          **Submit protest by:** 5/14/2025          **Destroy Date:** 8/5/2025

Addressee:    David Woodward    55044        A4-103
              (Inmate Name) (KDOC #) (Housing Unit)

**RECEIVED**

MAY 12 2025

Sender: Name:        Bazaar
        Address:
        City, State, Zip

DOC Facility Management Area

has been censored (☑ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☐    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband as described in KAR 44-12-903.
    ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
    ☐    Contains Sexually Explicit Materials as described in KAR 22-12-313
    ☐    Contains Contraband as described in KAR 44-12-902

| | | |
|---|---|---|
| ☐ Postage stamps | ☐ Stickers/Adhesive Labels | ☐ Blank Sheets of Paper/envelops |
| ☐ Oversized Card | ☐ Oversized Photographs | ☐ Polaroid Photographs |
| ☐ Battery in Card | ☐ Laminations/stickers | ☐ Padded/corrugated envelops |
| ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz. | | |
| ☐ Other Unauthorized Object: | | |

☑    Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)].

    ☐    Addressed to a person who has filed an objection to receiving correspondence from you.
    ☑    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐    The mail is unauthorized correspondence between offenders, including a former inmate [KAR 44-12-601 (d)(1)(D)].

    ☐    Included correspondence ( ☐ From / ☐ To) a third party.

☑    The censored material/item is:

    ☑    Being held in the facility mailroom pending disposition and/or protest instructions.
    ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or criminal prosecution and disposition and/or protest instructions.
    ☐    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).**

J.Crouse
(Printed Name of Person Issuing Censorship Notice)     (Signature of Person Issuing Censorship Notice)

5/5/2025
(Date)

LCF Correctional Facility
Notice of Mail Censorship

*Exhibit NMC 7*
*(side one) LCF*
*(TWO SIDED)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/20/2025          **Submit protest by:** ~~5/27/2025~~ *Not 15 days*  **Destroy Date:** ~~8/20/2025~~
*6/8/2025  15 Business Days*

Addressee:    David Woodward    55044        A4-103
              (Inmate Name) (KDOC #) (Housing Unit)

**RECEIVED**

**MAY 29 2025**

DOC Facility Management Area

Sender:  Name:        Woman's Day
         Address:
         City, State, Zip

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐   The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☐   Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
         as described in KAR 44-12-903.
    ☐   Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
    ☐   Contains Sexually Explicit Materials as described in KAR 22-12-313
    ☐   Contains Contraband as described in KAR 44-12-902
        ☐ Postage stamps          ☐ Stickers/Adhesive Labels       ☐ Blank Sheets of Paper/envelops
        ☐ Oversized Card          ☐ Oversized Photographs          ☐ Polaroid Photographs
        ☐ Battery in Card         ☐ Laminations/stickers          ☐ Padded/corrugated envelops
        ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
        ☐ Other Unauthorized Object:

☒   Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

    ☐   Addressed to a person who has filed an objection to receiving correspondence from you.
    ☒   Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐   The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐   The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

    ☐   Included correspondence ( ☐ From / ☐ To) a third party.

☒   The censored material/item is:

    ☒   Being held in the facility mailroom pending disposition and/or protest instructions.
    ☐   Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
        criminal prosecution and disposition and/or protest instructions.
    ☐   Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                          5/19/2025
(Printed Name of Person Issuing Censorship Notice)      (Signature of Person Issuing Censorship Notice)      (Date)

LCF Correctional Facility
Notice of Mail Censorship
(Two Sided)

*Exhibit NMC 8*
*(side one)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/20/2025      **Submit protest by:** ~~5/27/2025~~ Not 15 days    **Destroy Date:** 8/20/2025
                                     6/8/2025 15 Business Days

**Addressee:**    David Woodward    55044        A4-103
              (Inmate Name) (KDOC #) (Housing Unit)

**Sender: Name:**        National Enquirer
       **Address:**
       City, State, Zip

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

        ☐    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
            as described in KAR 44-12-903.
        ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
        ☐    Contains Sexually Explicit Materials as described in KAR 22-12-313
        ☐    Contains Contraband as described in KAR 44-12-902

                ☐ Postage stamps      ☐ Stickers/Adhesive Labels    ☐ Blank Sheets of Paper/envelops
                ☐ Oversized Card        ☐ Oversized Photographs      ☐ Polaroid Photographs
                ☐ Battery in Card        ☐ Laminations/stickers       ☐ Padded/corrugated envelops
                ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
                ☐ Other Unauthorized Object:

☒    Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

        ☐    Addressed to a person who has filed an objection to receiving correspondence from you.
        ☒    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐    The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

        ☐    Included correspondence ( ☐ From / ☐ To) a third party.

☒    The censored material/item is:

        ☒    Being held in the facility mailroom pending disposition and/or protest instructions.
        ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
            criminal prosecution and disposition and/or protest instructions.
        ☐    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).**

J.Crouse                                                             5/20/2025
(Printed Name of Person Issuing Censorship Notice)         (Signature of Person Issuing Censorship Notice)      (Date)

LCF Correctional Facility
Notice of Mail Censorship

*Exhibit NMC 9*
*(side one)*
*(Two Sided)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/13/2025        **Submit protest by:** ~~5/22/2025~~        **Destroy Date:** 8/13/2025
                                    *6/2/25  15 days*

Addressee:    David Woodward    55044       A4-103                    **RECEIVED**
              (Inmate Name) (KDOC #) (Housing Unit)
                                                                      **MAY 23 2025**

Sender:  Name:        Town & Country
         Address:                                                     **DOC Facility Management Area**
         City, State, Zip

has been censored (☑ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐      The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

       ☐    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
            as described in KAR 44-12-903.
       ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
       ☐    Contains Sexually Explicit Materials as described in KAR 22-12-313
       ☐    Contains Contraband as described in KAR 44-12-902
            ☐  Postage stamps          ☐ Stickers/Adhesive Labels      ☐ Blank Sheets of Paper/envelops
            ☐  Oversized Card          ☐ Oversized Photographs         ☐ Polaroid Photographs
            ☐  Battery in Card         ☐ Laminations/stickers          ☐ Padded/corrugated envelops
            ☐  Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
            ☐  Other Unauthorized Object:

☑      Mail that poses a threat to the safety and security of public officials or the general public
       [KAR 44-12-601 (d)(1)(B)].

       ☐    Addressed to a person who has filed an objection to receiving correspondence from you.
       ☑    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐      The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐      The mail is unauthorized correspondence between offenders, including a former inmate
       [KAR 44-12-601 (d)(1)(D)].

       ☐    Included correspondence ( ☐ From / ☐ To) a third party.

☑      The censored material/item is:

       ☑    Being held in the facility mailroom pending disposition and/or protest instructions.
       ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
            criminal prosecution and disposition and/or protest instructions.
       ☐    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                            5/13/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)

LCF Correctional Facility
Notice of Mail Censorship
(Two sided)

*Exhibit NMC 10*
*(side one)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/13/2025          **Submit protest by:** ~~5/22/2025~~          **Destroy Date:** 8/13/2025
                                        6/2/25  *15 days*

Addressee:     David Woodward    55044      A4-103
               (Inmate Name) (KDOC #) (Housing Unit)


Sender:  Name:        Cosmopolitan
         Address:
         City, State, Zip


has been censored (☑ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐     The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☐     Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
        as described in KAR 44-12-903.
    ☐     Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
    ☐     Contains Sexually Explicit Materials as described in KAR 22-12-313
    ☐     Contains Contraband as described in KAR 44-12-902
        ☐ Postage stamps          ☐ Stickers/Adhesive Labels     ☐ Blank Sheets of Paper/envelops
        ☐ Oversized Card          ☐ Oversized Photographs        ☐ Polaroid Photographs
        ☐ Battery in Card         ☐ Laminations/stickers        ☐ Padded/corrugated envelops
        ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
        ☐ Other Unauthorized Object:

☑     Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

    ☐     Addressed to a person who has filed an objection to receiving correspondence from you.
    ☑     Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐     The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐     The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

    ☐     Included correspondence ( ☐ From / ☐ To) a third party.

☑     The censored material/item is:

    ☑     Being held in the facility mailroom pending disposition and/or protest instructions.
    ☐     Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
        criminal prosecution and disposition and/or protest instructions.
    ☐     Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**


J.Crouse                                                                    5/13/2025
(Printed Name of Person Issuing Censorship Notice)     (Signature of Person Issuing Censorship Notice)     (Date)

LCF Correctional Facility
Notice of Mail Censorship
(Two Sided)

*Exhibit NMC 11*
*(side one)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/13/2025          **Submit protest by:** ~~5/22/2025~~          **Destroy Date:** 8/13/2025

*6/2/25 15 days*

**Addressee:**     David Woodward   55044        A4-103
                   (Inmate Name) (KDOC #) (Housing Unit)

**Sender:**  Name:        Discover
            Address:
            City, State, Zip

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐     The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

       ☐     Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
             as described in KAR 44-12-903.
       ☐     Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
       ☐     Contains Sexually Explicit Materials as described in KAR 22-12-313
       ☐     Contains Contraband as described in KAR 44-12-902
             ☐  Postage stamps        ☐ Stickers/Adhesive Labels     ☐ Blank Sheets of Paper/envelops
             ☐  Oversized Card        ☐ Oversized Photographs         ☐ Polaroid Photographs
             ☐  Battery in Card       ☐ Laminations/stickers          ☐ Padded/corrugated envelops
             ☐  Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
             ☐  Other Unauthorized Object:

☒     Mail that poses a threat to the safety and security of public officials or the general public
       [KAR 44-12-601 (d)(1)(B)].

       ☐     Addressed to a person who has filed an objection to receiving correspondence from you.
       ☒     Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐     The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐     The mail is unauthorized correspondence between offenders, including a former inmate
       [KAR 44-12-601 (d)(1)(D)].

       ☐     Included correspondence ( ☐ From / ☐ To) a third party.

☒     The censored material/item is:

       ☒     Being held in the facility mailroom pending disposition and/or protest instructions.
       ☐     Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
             criminal prosecution and disposition and/or protest instructions.
       ☐     Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                                    5/13/2025
(Printed Name of Person Issuing Censorship Notice)          (Signature of Person Issuing Censorship Notice)          (Date)

*Exhibit NMe 12*
*(Side one)*

LCF Correctional Facility
Notice of Mail Censorship
*(Two Sided)*

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 5/16/2025          **Submit protest by:** ~~5/27/2025~~          **Destroy Date:** 8/16/2025
                                      *6/6/2025  15 business days*

**Addressee:**    David Woodward   55044        A4-103
                 (Inmate Name)  (KDOC #)  (Housing Unit)


**Sender:** Name:        Signs of the Times
           Address:
           City, State, Zip

has been censored (☑ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

     ☐    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
          as described in KAR 44-12-903.
     ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
     ☐    Contains Sexually Explicit Materials as described in KAR 22-12-313
     ☐    Contains Contraband as described in KAR 44-12-902
          ☐  Postage stamps        ☐  Stickers/Adhesive Labels      ☐  Blank Sheets of Paper/envelops
          ☐  Oversized Card        ☐  Oversized Photographs          ☐  Polaroid Photographs
          ☐  Battery in Card       ☐  Laminations/stickers           ☐  Padded/corrugated envelops
          ☐  Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
          ☐  Other Unauthorized Object:

☑    Mail that poses a threat to the safety and security of public officials or the general public
     [KAR 44-12-601 (d)(1)(B)].

     ☐    Addressed to a person who has filed an objection to receiving correspondence from you.
     ☑    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐    The mail is unauthorized correspondence between offenders, including a former inmate
     [KAR 44-12-601 (d)(1)(D)].

     ☐    Included correspondence ( ☐ From / ☐ To) a third party.

☑    The censored material/item is:

     ☑    Being held in the facility mailroom pending disposition and/or protest instructions.
     ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
          criminal prosecution and disposition and/or protest instructions.
     ☐    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**


J.Crouse                                                                    5/16/2025
(Printed Name of Person Issuing Censorship Notice)   (Signature of Person Issuing Censorship Notice)   (Date)

Exhibit NMc 13

LCF Correctional Facility
Notice of Mail Censorship

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice: 6/2/2025**          **Submit protest by: 6/9/2025**          **Destroy Date: 9/2/2025**

Addressee:    David Woodward  55044  A1-119
              (Inmate Name) (KDOC #) (Housing Unit)

Sender:  Name:        Under Lock & Key Newspaper
         Address:
         City, State, Zip

has been censored (☑ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☐    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
        as described in KAR 44-12-903.
    ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
    ☐    Contains Sexually Explicit Materials as described in KAR 22-12-313
    ☐    Contains Contraband as described in KAR 44-12-902

| | | |
|---|---|---|
| ☐ Postage stamps | ☐ Stickers/Adhesive Labels | ☐ Blank Sheets of Paper/envelops |
| ☐ Oversized Card | ☐ Oversized Photographs | ☐ Polaroid Photographs |
| ☐ Battery in Card | ☐ Laminations/stickers | ☐ Padded/corrugated envelops |

    ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
    ☐ Other Unauthorized Object:

☑    Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

    ☐    Addressed to a person who has filed an objection to receiving correspondence from you.
    ☑    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.

☐    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐    The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

    ☐    Included correspondence ( ☐ From / ☐ To) a third party.

☑    The censored material/item is:

    ☑    Being held in the facility mailroom pending disposition and/or protest instructions.
    ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
        criminal prosecution and disposition and/or protest instructions.
    ☐    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

J.Crouse                                                                                    6/2/2025
(Printed Name of Person Issuing Censorship Notice)        (Signature of Person Issuing Censorship Notice)        (Date)

June 24, 2025

Kansas Department of Corrections
Mail Censorship
714 SW Jackson, Ste. 300
Topeka, KS 66603

**Re: Notice of Mail Censorship**

To whom it may concern:

*Dear comrades*

*Here is a copy of the appeal we are sending your way to try and get you your rightful mail. If this attempt is unsuccessful, I highly advise you to try and find an attorney to take on your...*

We are in receipt of your notice of censorship for the publication *Under Lock & Key* Issue 89 (hereafter "ULK") which was sent to one David Woodward #55044 residing at Lansing Correctional Facility. We make note here that this notice was filled out on 6/2/25 and we were not sent any notice ourselves. The notice we received was directly from Mr. Woodward, which arrived to us on 6/23/25. A copy of your notice is enclosed within.

First and foremost, we would like to remind you that it is both illegal and unconstitutional to not send us, the distributors in contact with Mr. Woodward, notice of censorship whenever you censor the materials we send to him. The unconstitutionality of this negligence has been well established by US courts over the last half century, including but not limited to cases such as *Montcalm Publishing Corporation v. Beck,* 80 F.3d 105 (4th Cir. 1996) and *Thornburgh v. Abbott,* 490 U.S. 401, 407-08 (1989) which have enshrined our right to correspond with prisoners and to be notified when this right is violated. Moreover, you are directly violating your own policies, namely KAR 44-12-601, which was put in place to protect the aforementioned right to correspondence, when you neglect to send us notice of censorship. We'll further note here that KAR 44-12-601 states explicitly that "notice of the censorship of correspondence by the facility shall be provided to the sender."

Secondly, we'd like to highlight the time limit of fifteen days to appeal censorship decisions as outlined in the enclosed notice. Given that you never notified us of the censorship in the first place (which, as mentioned above, is illegal), there is obviously no basis to uphold this time limit. Due to this, we expect you to fully consider the following appeal in accordance with your institutional policies and the law.

The listed reason for censorship is that the publication is allegedly "unauthorized correspondence with a person under the age of 18 years old." ULK is a political newspaper focusing broadly on news relevant to prisoners in the United States. There is nothing in it that could even be misconstrued as "correspondence" with an individual under 18 years of age. Given that this allegation is such an obvious and blatant lie, there is nothing to contend here. The mail room staff at LCF is obviously trying to punish Mr. Woodward for whatever personal grievances they have by violating his constitutional rights. That an institution such as yours pretends to uphold the ideal of justice while committing such illegal acts makes a mockery of the entire US judicial system.

We request the decision to withhold ULK 89 be immediately vacated and the publication be forwarded to Mr. Woodward. Failure to provide appropriate notice and adherence to your policies may result in legal action.

Please govern yourself accordingly.

Sincerely,

*... case. Frankly, it is one of the most open-and-shut cases of censorship I've seen. Regardless, thank you dearly for your support of our struggle against the U.S. empire. Please do not hesitate to reach out to us.*

*In Struggle,*
*Tristan*

Tristan Pierzynski, Legal Assistant
MIM Distributors

LCF Correctional Facility
Notice of Mail Censorship

Exhibit 14

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:** 9/9/2025          **Submit protest by:** 9/30/2025          **Destroy Date:** 12/9/2025

Addressee:     Woodward, D          55044          A8-119
               (Inmate Name)       (KDOC #)       (Housing Unit)

Sender: Name:          TV Guide
        Address:       PO Box 37360
        City, State, Zip:  Boone, IA 50037

has been censored (☑ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☑ The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

   ☐ Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband
      as described in KAR 44-12-903.
   ☐ Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
   ☐ Contains Sexually Explicit Materials as described in KAR 22-12-313
   ☐ Role-Playing Material (as ordered by the Secretary & his administration).
   ☐ Contains Contraband as described in KAR 44-12-902
      ☐ Postage stamps          ☐ Third-Party Communication      ☐ Blank Sheets of Paper/Envelopes
      ☐ Penpal Program          ☐ Commercial Photo               ☐ Oversized Item (Card, paper, etc.)
      ☐ Map                     ☐ Lipstick/Perfume               ☐ Promotes Illegal Activity
      ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz.
      ☑ Other Unauthorized Object: Not ordered through new 12-127D guidelines

☑ Mail that poses a threat to the safety and security of public officials or the general public
   [KAR 44-12-601 (d)(1)(B)].

   ☐ Addressed to a person who has filed an objection to receiving correspondence from you.
   ☐ Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.
   ☑ Unauthorized images of a person under the age of 18 years old KAR 44-12-601.

☐ The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐ The mail is unauthorized correspondence between offenders, including a former inmate
   [KAR 44-12-601 (d)(1)(D)].

   ☐ Included correspondence ( ☐ From / ☐ To) a third party.

☑ The censored material/item is:

   ☑ Being held in the facility mailroom pending disposition and/or protest instructions.
   ☐ Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
     criminal prosecution and disposition and/or protest instructions.
   ☐ Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

B. Hart                                      _B. Hart_ (signature)                    9/9/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)

Exhibit 15

LCF Correctional Facility
Notice of Mail Censorship

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:  10/1/2025**                                    Submit Protest By: 10/22/2025

Addressee:    Woodward, David        2000025235        A8-119
              (Inmate Name)          (KDOC #)          (Housing Unit)


Sender Name:    TV Weekly Magazine
Address:        213 Park DR.
City, State, Zip    Troy, MI 48083

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☒    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

      ☒    Per IMPP 12-127D, publications must come from an approved vendor.
      ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
      ☐    Contains Sexually Explicit Materials as described in KAR 22-12-313
      ☐    Role-Playing Material (as ordered by the Secretary & his administration).
      ☐    Contains Contraband as described in KAR 44-12-902

| | | |
|---|---|---|
| ☐ Postage stamps | ☐ Third-Party Communication | ☐ Blank Sheets of Paper/Envelopes |
| ☐ Penpal Program | ☐ Commercial Photo | ☐ Oversized Item (Card, paper, etc.) |
| ☐ Map | ☐ Lipstick/Perfume | ☐ Promotes Illegal Activity |
| ☐ Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___oz. | | |
| ☒ Other Unauthorized Object: Not ordered through provisions in 12-127D | | |

☐    Mail that poses a threat to the safety and security of public officials or the general public
     [KAR 44-12-601 (d)(1)(B)].

      ☐    Addressed to a person who has filed an objection to receiving correspondence from you.
      ☐    Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.
      ☐    Unauthorized images of a person under the age of 18 years old KAR 44-12-601.

☐    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐    The mail is unauthorized correspondence between offenders, including a former inmate
     [KAR 44-12-601 (d)(1)(D)].

      ☐    Included correspondence ( ☐ From / ☐ To) a third party.

☒    The censored material/item is:

      ☒    Being held in the facility mailroom pending disposition and/or protest instructions.
      ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
          criminal prosecution and disposition and/or protest instructions.
      ☐    Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

**C. Kincaid**                          _signature_                          10/1/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)

Exhibit E6

LCF Correctional Facility
Notice of Mail Censorship

Pursuant to K.A.R. 44-12-601 you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice:  10/1/2025**                                   **Submit Protest By: 10/22/2025**

Addressee:      Woodward, David        2000025235      A8-119
                (Inmate Name)          (KDOC #)        (Housing Unit)


Sender Name:    TV Weekly Magazine
Address:        213 Park DR.
City, State, Zip   Troy, MI 48083

has been censored (☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☒  The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☒  Per IMPP 12-127D, publications must come from an approved vendor.
    ☐  Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325
    ☐  Contains Sexually Explicit Materials as described in KAR 22-12-313
    ☐  Role-Playing Material (as ordered by the Secretary & his administration).
    ☐  Contains Contraband as described in KAR 44-12-902
        ☐  Postage stamps        ☐  Third-Party Communication    ☐  Blank Sheets of Paper/Envelopes
        ☐  Penpal Program        ☐  Commercial Photo             ☐  Oversized Item (Card, paper, etc.)
        ☐  Map                   ☐  Lipstick/Perfume             ☐  Promotes Illegal Activity
        ☐  Publication not received from vendor and over one ounce rule (KAR 44-12-601). Weight ___ oz.
        ☒  Other Unauthorized Object: Not ordered through provisions in 12-127D

☐  Mail that poses a threat to the safety and security of public officials or the general public
    [KAR 44-12-601 (d)(1)(B)].

    ☐  Addressed to a person who has filed an objection to receiving correspondence from you.
    ☐  Unauthorized correspondence with a person under the age of 18 years old KAR 44-12-601.
    ☐  Unauthorized images of a person under the age of 18 years old KAR 44-12-601.

☐  The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐  The mail is unauthorized correspondence between offenders, including a former inmate
    [KAR 44-12-601 (d)(1)(D)].

    ☐  Included correspondence ( ☐ From / ☐ To) a third party.

☒  The censored material/item is:

    ☒  Being held in the facility mailroom pending disposition and/or protest instructions.
    ☐  Being held by E.A.I. and/or the Disciplinary Administrator as evidence in a pending disciplinary and/or
       criminal prosecution and disposition and/or protest instructions.
    ☐  Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side
of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown
above.  If a protest is not received, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of
Contraband).**

**C. Kincaid**                                                          10/1/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)



*Exhibit of Letter*

**KANSAS**
Department of Corrections

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary                                                    Laura Kelly, Governor

May 13, 2025

TO:    0055044 Woodward, David

        Lansing Correctional Facility

RE:    Censor of magazines/publications

I received your censor stating you wish to continue receiving magazines/publications you have received for years while in our custody. On April 2, 2025, you received a DR, in short, for making and possessing child pornography. You argued it wasn't real acts or real persons engaging in pornographic situations.

Because you are managed as a sex offender, and have no overrides, you do not get to possess images of children. Your action of creating these disturbing images, has further caused us to counsel with the agency's Sex Offender Specialist to assess the lack of positive progress and the remedial actions that should be taken. It was determined, due to your abusive use of the material, your ability to possess magazines/publications will be censored accordingly. Any item determined to contain information regarding children or images of children will be censored.

Sincerely,

Darcie Holthaus CMII
Facility Management

cc:    Correspondence
        Warden Howes
        w/attachments

COPY

91CR 792
FILED

acf
KIM T. PARKER, 11203
Assistant District Attorney
Sedgwick County Courthouse
Wichita, Kansas   67203
(316) 383-7281

APP. DOCKET NO. 9t

APR 3   4 05 PM '92

CLERK OF ... DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK ... KANSAS
BY ....

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CRIMINAL DEPARTMENT

THE STATE OF KANSAS,

                    Plaintiff,

      vs.

DAVID L. WOODWARD,

                    Defendant.

Case No. 91CR792

Division No. 20

## JOURNAL ENTRY OF SENTENCING

On this 17th day of January, 1992, this case comes on for sentencing before The Honorable Clark V. Owens, II, Judge of the District Court; the defendant having heretofore been returned from the Larned State Security Hospital.  The State of Kansas appears by its attorney, Kim T. Parker, Assistant District Attorney.  The defendant appears in person and by his attorney, Melissa Day, Assistant Public Defender.

The Court inquires of the defendant if he has any legal cause to show why judgment of sentence should not be pronounced against him; the defendant failing to show any such cause and none appearing, there being none, the Court then proceeds to pronounce judgment of sentence against the defendant, being advised of the

Pre-Sentence Investigative Report prepared by the Larned State Security Hospital.

IT IS THE SENTENCE OF THIS COURT AND IT IS HEREBY CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant is hereby committed to the custody of the Secretary of Corrections for imprisonment for a period of not less than fifteen (15) years to Life on the charge of Kidnapping, Count One, contrary to K.S.A. 21-3420, and in accordance with K.S.A. 21-4501(b); for a period of not less than one (1) year nor more than five (5) years on each charge of Sexual Exploitation of a Child, Counts Four and Five, contrary to K.S.A. 21-3516, and in accordance with K.S.A. 21-4501(e); for a period of not less than fifteen (15) years to Life on the charge of Rape, Count Seven, contrary to K.S.A. 21-3502, and in accordance with K.S.A. 21-4501(b); for a period of not less than five (5) years nor more than twenty (20) years on the charge of Indecent Liberties With a Child, Count Nine, contrary to K.S.A. 21-3503(c), and in accordance with K.S.A. 21-4501(c); and for a period of Life on the charge of Felony Murder, Count Ten, contrary to K.S.A. 21-3401(b), and in accordance with K.S.A. 21-4501(a). The sentence imposed in Counts Four and Five shall run concurrent with each other. Count One shall run consecutive to Counts Four and Five. Counts Seven and Nine shall run concurrent with each other, but consecutive to Counts One, Four, and Five. Count Ten shall run consecutive to all the other counts. The defendant shall pay the costs of this action to the Clerk of this Court, including witness fees and miscellaneous expenses.

IT IS FURTHER ORDERED that the Clerk of this Court deliver two (2) certified copies of this judgment and commitment to the Sheriff of Sedgwick County, Kansas, or one of his duly authorized deputies. It is further ordered that such certified copies serve as the commitment of the defendant and said Sheriff or authorized deputy is ordered to transport the defendant to the custody of the Secretary of Corrections for imprisonment, and make due return thereof.

IT IS FURTHER ORDERED that for the purpose of computing defendant's sentence, his parole eligibility and conditional release dates thereunder, that such sentence shall be computed from: May 26, 1991.

IT IS SO ORDERED.

_____
CLARK V. OWENS, II, JUDGE

APPROVED BY:

_____
KIM T. PARKER, 11203
Assistant District Attorney


_____
MELISSA DAY
Attorney for Defendant

# Affidavit of David L. Woodward

I, David L. Woodward, being of legal age do make known the following facts in regards to the May 13, 2025, correspondence to me from Darcie Holthaus CMII.

In this correspondence, in the second paragraph she states: "Because you are managed as a 'sex offender', and have no overrides, you do not get to possess images of children."

I take exception to this. In April of 1992, I came into the custody of the Secretary of Corrections of Kansas via a Journal Entry of Sentencing issued by the Sedgwick County District Court, Wichita, Kansas. It did not contain any sanctions or restrictions on the conditions of my incarceration in the Kansas Department of Corrections.

The first facility I was held at was El Dorado Corr. Facility (EDCF). This was beginning in 1992. I was allowed contact visitation with my two minor children ages 10 and 16. I was allowed photos of them. I was allowed photos of my 6 year old niece. I was allowed phone conversations with them. Also my 3-4 year old granddaughter.

I was allowed to subscribe to magazines like National Geographic which often contained semi-nude photos of children. I was allowed to subscribe to other magazines containing photos of children and families with children included. Even had subscriptions to Playboy, Esquire and Hustler magazines.

At that time no "overrides" were required, no restrictions on contact with children, no sanctions on magazines.

Page 1 of 3

The first issues on sanctions did not commence until around 2014, when suddenly I was classified as a "sex offender" and some books I ordered were not allowed for me to have.

Photos of my children, niece and grandchild were required for me to send home. I grieved all this and protested the imposition of these sanctions.

However, I was still able to have the National Geographic and other magazines with children pictured in them delivered to me.

I was incarcerated for nearly 22 years before the classification of "sex offender" became an issue. It wasn't until April 1st, 2025, that now any magazine or publication that has persons under 18 years old pictured in them is prohibited. Not prior to this was this imposed.

There is also the matter of freedom of speech. Up until 2025, I was able to write stories of fiction which contained material which could be termed "sexually explicit" without being interfered with. I was able to mail those stories out for possible publication.

My writing also included poetry which has been published in a book of poetry which was submitted by my mother-in-law. I have written commentaries on subjects of politics, religion, philosophy and world affairs. Being incarcerated I have many idle hours to fill.

I strongly object to not being able to write any story I desire under the 1st amendment guarantee of freedom of speech and expression, including sexually explicit material.

Page 2 of 3

I have appealed to the federal courts to try and assert my 1st and 14th amendment rights to free speech and ability to have my writing sent outside the prison walls without government interference. The federal court refused to consider my claim of interference of my rights under the United States Constitution in favor of the regulations of the Kansas Department of Corrections preventing the rights established under the 1st amendment being utilized. Even in spite of the United States Supreme Court's mandate that no "regulation" is stronger than the Constitution of our Nation.

Under the rule of law of "ex post facto", no rule or regulation imposed after what was allowed me prior to it's implementation should now be used to prevent me from what I was allowed before it's enactment.

The court of law that sentenced me imposed no such restrictions, regulations or sanctions I am encountering now. None of these were a condition of my punishment because the court could not order the Kansas Department of Corrections to violate the Constitution of the United States or it's amendments which are the supreme law of the land. A court is required to both secure those rights and assure citizens are not denied them even by government agencies.

I do hereby swear and affirm under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. Signed this 27th day of November, 2025

David L. Moorhead